557 A.2d 1175

Allen S. Polarine and Mildred B. Polarine *v.* Tax Claim Bureau of The County of Chester et al. Herman Neumann, Appellant.

Argued March 6, 1989, before Judges DOYLE and SMITH (P.), and Senior Judge KALISH, sitting as a panel of three.

*Alfred O. Breinig, Jr.,* for appellant.

*James Dunworth,* for appellee.

OPINION BY SENIOR JUDGE KALISH, May 8, 1989:

Herman Neumann (appellant) appeals from an order of the Court of Common Pleas of Chester County, setting aside a sale of a residence for delinquent taxes. We affirm.

Allen Polarine and Mildred Polarine, his wife, owned their residence as tenants by the entirety. The Tax Claim Bureau (Bureau) of Chester County placed the property on sale for delinquent taxes, which subsequently was sold to appellant. Allen and Mildred Polarine then filed objections to the tax sale, and the trial judge issued a rule to show cause why the sale should not be set aside for the reason that the notice of the sale was deficient. Following a hearing, the trial judge set aside the sale.

The court found that the Bureau sent notice of the sale by certified mail to Allen and Mildred Polarine. The court also found that both return receipts were signed by Allen Polarine, and received in that form by the Bureau. Further, no second or subsequent notice of the scheduled sale was sent to either Allen or Mildred Polarine.

The trial judge indicated that Mildred Polarine testified she had never seen any notices of the tax sale, and her first knowledge that the property was to be sold was the day after the sale. Mildred Polarine testified further that at no time had she authorized Allen Polarine to sign receipts for the notices sent to her.

With respect to property owned as tenants by the entirety, there is a presumption that during the term of marriage either spouse has the power to act for both without specific authorization, *so long as the benefits of such action inure to both*. However, this presumption may be rebutted by evidence that the acting spouse was not in fact authorized by the other spouse. The presumption stands unless the other spouse establishes by a preponderance of the evidence that at the time that the receipts were signed, the signing spouse was not, in fact, authorized to act on her behalf. *J.R. Christ Construction,*

*Inc. v. Olevsky,* 426 Pa. 343, 232 A.2d 196 (1967). In other words, the presumption is a procedural device. Once Mildred Polarine presented evidence on this issue, the presumption served its purpose, and the burden then shifted to the Bureau to show contrary evidence. The fact finder then makes its determination based on this evidence, and cannot rely on the presumption.

Appellant relies on section 933.41 of the Domestic Mail Manual, Issue 20, November 14, 1985, which provides that mail marked "Restricted Delivery" will be delivered only to the addressee, or the person he specifically authorizes in writing to receive his restricted delivery mail. Appellant contends that when the sender receives a return receipt signed by other than the addressee, there is a presumption that a specific written authorization has been given by the addressee to the Postal Service. Such a conclusion is unreasonable and illogical, particularly where dealing with a situation involving the deprivation of one's property rights. Furthermore, even if there is such a presumption, the record shows that upon the testimony of Mildred Polarine, there was no such written authority, so that the burden shifted to the appellant to present contrary testimony.

Furthermore, Section 602(e)(i) of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.602(e)(i), provides that the Bureau give notice by certified mail to *each* owner at least thirty (30) days before the date of the sale. In *Teslovich v. Johnson,* 486 Pa. 622, 406 A.2d 1374 (1979), the Pennsylvania Supreme Court held that each owner of land as a tenant by the entirety must receive a separate, individual notice of the sale, and that such provision must be strictly construed in order to guard against the deprivation of property without due process of law.

Accordingly, we affirm.

ORDER

NOW, May 8, 1989, the order of the Court of Common Pleas of Chester County, No. 87-08097, is affirmed.