James V. **POPPLE** and Victoria Popple

v.

**LUZERNE COUNTY TAX CLAIM BUREAU and Lawrence Lee and Victoria Evstafieva.**

**Appeal of: Lawrence Lee and Victoria Evstafieva.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 2008.

Decided Nov. 12, 2008.

Jonathan S. Comitz, Wilkes–Barre, for appellants.

Francis J. Hoegen, Wilkes–Barre, for appellees, James V. Popple and Victoria Popple.

Neil T. O'Donnell, Wilkes–Barre, for appellee, Luzerne County Tax Claim Bureau.

BEFORE: SMITH–RIBNER, Judge, and PELLEGRINI, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Lawrence Lee and Victoria Evstafieva (Purchasers) appeal from an order of the Court of Common Pleas of Luzerne County that granted the petition to set aside tax sale filed by James V. Popple and Victoria Popple, brother and sister (Popples), for property located in the Borough of Laurel Run (Property) that the Purchasers purchased in December 2003. The Purchasers question whether the Popples had actual notice of the pending tax sale and whether the trial court erred as a matter of law by considering matters that were not raised in the petition.

The trial court stated in its order of November 9, 2007 that it reviewed the briefs and supplemental briefs of the parties and considered the testimony and evidence offered at the hearing on October 25, 2007 (where only Victoria Popple and a county tax worker testified). The trial court granted the Popples' petition to set aside based upon failure of the Luzerne County Tax Claim Bureau (Bureau) to post the property prior to sale in accordance with Section 602(e)(3) of the Real Estate Tax Sale Law (Tax Sale Law), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. § 5860.602(e)(3). The trial court ordered that the sale be vacated and that the

Bureau refund the purchase price paid by the Purchasers within thirty days.[1]

The record is undisputed that the Property was exposed to tax sale on December 3, 2003 and that the Purchasers purchased it. The Popples filed their petition to set aside on September 10, 2007, nearly four years after the tax sale. As indicated by the copies of public records submitted by the Purchasers at the trial court hearing as Exhibits 1 through 4 to the supplemental opposition brief, at least four other properties owned by the Popples were the subject of tax sale proceedings.

Section 602 of the Tax Sale Law, 72 P.S. § 5860.602, provides for several forms of notice to an owner as means of protecting against deprivation of property without due process. Section 602(a) requires notice at least thirty days before any scheduled sale in at least two newspapers of general circulation setting forth the purpose, time, place and terms of the sale and description of the property. There is no dispute regarding publication notice. Section 602(e) provides for mailed notice and for posting:

(e) In addition to such publications, similar notice of the sale shall also be given by the bureau as follows:

(1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.

(2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the

---

1. The Court's review in tax sale cases is limited to determining whether the trial court abused its discretion, rendered a decision lacking in supporting evidence or clearly erred as a matter of law. *In re Dauphin County Tax Claim Bureau,* 834 A.2d 1229 (Pa.Cmwlth.2003).

first notice by United States first class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office.

(3) Each property scheduled for sale shall be posted at least ten (10) days prior to the sale.

The petition to set aside alleged that the Popples were not "personally served" with the required certified mail notice in violation of Section 602(e)(1). They contended that the certified mail notices were sent to an address other than their residences and that the notices were executed by someone else. The certified mail notices were sent to Bel–Air Yards, P.O. Box 126, Duryea, Pennsylvania 18642 (Bel–Air address). The Purchasers presented a copy of the deed for the Property to the Popples as grantees, which lists care of the Bel–Air address as the precise address of the grantees in the recording of the deed on November 17, 1997 in the Luzerne County Deed Book 2620, Pages 167, 192. Answer and New Matter of Respondents, Ex. B; Reproduced Record (R.R.) 24a, 31a. The return receipt for the certified mail bears a signature of "Joseph Popple" and is checked "Agent." Petition to Set Aside Tax Sale, Ex. A; R.R. 8a.

The certified mail notices for the four other tax sales to both James V. Popple and Victoria Popple also were sent to the Bel–Air address and were signed by "Joseph Popple" as "Agent." R.R. 89a, 101a, 125a and 140a. The Purchasers presented evidence that Popple Brothers Coal Company, which the Popples own, is registered at the Bel–Air address; an entity known as Popple Realty, Inc. is registered at that address; and James V. and Victoria Popple are officers in Popple Realty, Inc. and use the Bel–Air address for their individual addresses. R.R. 150a.

The Purchasers first argue that the Popples had actual notice of the pending tax sale. They quote *Stanford–Gale v. Tax Claim Bureau of Susquehanna County*, 816 A.2d 1214, 1217 (Pa.Cmwlth.2003), where this Court stated: "[A]ctual notice of a pending tax sale waives strict compliance with statutory notice requirements, and technical deficiencies in those notice requirements do not invalidate a tax sale." In *Stanford–Gale* owners of property were killed in a car crash, and their daughter and another relative were appointed as co-administrators of the estate. Applying Pennsylvania precedent treating co-administrators as one person, the Court concluded that actual notice to one of them was full notice to the estate. Further, such notice cured the defect in procedure when notices addressed to the decedents were returned as signed by someone else, namely, one of the administrators, and the tax claim bureau made no other efforts to locate the owners. The Purchasers also submit that notice to the Popples was imputed through Joseph Popple. Victoria Popple testified that he was a distant relative who had worked for her father but who had retired and that she never gave Joseph Popple authority to sign for certified mail to the Bel–Air address. The record clearly shows, however, that the Post Office permitted Joseph Popple to sign for certified mail at that address, with restricted delivery for James V. and Victoria Popple, many times.

The Purchasers maintain that the Popples had the same type of notice as the owner in *Sabbeth v. Tax Claim Bureau of Fulton County*, 714 A.2d 514 (Pa.Cmwlth. 1998), where an employee of the property

owner's husband's company signed for a certified mail notice to the owner and then placed it on her desk, as was customary. The owner claimed that she first read the notice fifty-three days later, on the date of the sale. The Court discussed "actual notice" as follows:

> Actual notice has been defined as notice expressly and actually given, and brought home to the party directly. The term "actual notice," however, is generally given a wider meaning as embracing two classes, express and implied; the former includes all knowledge of a degree above that which depends upon collateral inference, or which imposes upon the party the further duty of inquiry; the latter imputes knowledge to the party because he is shown to be conscious of having the means of knowledge. In this sense actual notice is such notice as is positively proved to have been given to a party directly and personally, or such as he is presumed to have received personally because the evidence within his knowledge was sufficient to put him upon inquiry.

*Id.*, 714 A.2d at 517 (quoting Black's Law Dictionary 1061–1062 (6th ed.1990)). The Court reversed the trial court's grant of the petition to set aside in *Sabbeth*, concluding that the owner had implied actual notice. The Purchasers here note Victoria Popple's concession on cross-examination that her attorney sent a letter to the Bureau on January 9, 2004 and that the tax sale notice might have prompted her to go to the county mapping department. She testified initially that she first learned of the tax sale in August or September 2006 while visiting the department.

The Purchasers' second contention is that the trial court erred as a matter of law in considering matters not raised in the Popples' petition to set aside. The petition challenged only the certified mail notice. At the hearing the Popples changed course and focused on the admission by the County that the Property was not posted, and the trial court pointed to failure to post as its reason for sustaining the petition to set aside.[2] The Purchasers assert that the underlying petition is equitable in nature, and they cite several older cases relating to actions in equity for the principle that an equitable action must conform to the case made out by the pleadings. *See Modern Baking Co. v. Orringer,* 271 Pa. 152, 114 A. 264 (1921).

■ The Popples do not address this point. The Bureau (which is now aligned with the Popples) argues, however, that although the petition to set aside did not raise the issue of posting, the Purchasers' brief in opposition to the petition acknowledged the notice requirements, including posting. At the hearing the Bureau's Sales Coordinator, Nadine Price, testified that posting is one of the three required forms of notice and that she had examined the Bureau's file and found that it did not contain documents indicating posting. Finally, counsel for the Popples argued to the trial court that posting was defective, so the tax sale should be set aside. In *In re Tax Sale of Real Property in Paint Township,* 865 A.2d 1009, 1013 n6 (Pa. Cmwlth.2005), the Court stated: "A general averment of the Bureau's failure to comply with statutory notice provisions is sufficient to preserve the issue of a deficiency

---

2. The Purchasers state in footnote 3 of their brief that Victoria Popple testified that the Property is "hard to get to" and that she would locate it by flyover maps, and that there is no "direct road" to get to the Property. Notes of Testimony (N.T.) 8; R.R. 148a.

From this they argue that even if the County posted the Property (assuming that they could get to it), the Popples would not have seen the posting, and the trial court's discounting of all other evidence in this case is a classic example of form over substance.

in a posting of a property with a tax sale notice." The Court thus concludes that the trial court did not err in considering the question of posting.

The Popples first emphasize cases stating that all three types of notice under Section 602 of the Tax Sale Law are required for the tax sale to be valid; if any is defective the sale is void. *In re Upset Price Tax Sale,* 150 Pa.Cmwlth. 191, 615 A.2d 870 (1992). Although the Popples mis-cite and misquote certain language, they rely upon *In re Middlecreek Township Tax Sale No. 12434,* 688 A.2d 1239 (Pa.Cmwlth.1997), a case where there was a stipulation that property was not posted before the tax sale but the trial court held that the sale was valid because the owners received actual notice, and this Court reversed. The Court noted that the word "shall" in Section 602(e)(3) had been held to be mandatory and stated further: "Moreover, we do not believe that this court's holding in *Casaday* [*v. Clearfield County Tax Claim Bureau,* 156 Pa. Cmwlth. 317, 627 A.2d 257 (1993) ] may be read to excuse the failure of a tax bureau to comply with the mandatory posting requirement of section 602." *Middlecreek Township Tax Sale,* 688 A.2d at 1241. To guard against the deprivation of property without due process of law, "there must be strict compliance with the notice provisions of section 602." *Id.*

On the issue of posting, the Popples note that the burden to show compliance with all statutory notice provisions lies with the Bureau. *See Ban v. Tax Claim Bureau of Washington County,* 698 A.2d 1386 (Pa. Cmwlth.1997). The Bureau cites *Tax Sale of Real Property in Paint Township* and *Middlecreek Township Tax Sale* for the proposition that an owner's actual knowledge does not excuse failure to post. Price testified that the Bureau traditionally receives an affidavit of posting from the

Sheriff's office. She contacted the Sheriff's office to see if it could retrieve an affidavit of posting, but with a 2003 sale the timing was too remote. Therefore, according to the Popples, the Bureau failed to meet its burden to prove that the property was posted.

■ The Court has very serious concerns about the trial court's decision in this matter. As noted above, the sole stated basis for granting the petition to set aside was that the Bureau failed to post the Property as required by Section 602(e)(3) of the Tax Sale Law. This finding, however, is not supported by the evidence. No one proved conclusively that the Property was not posted. There is undisputed testimony that the Bureau could not get confirmation one way or the other from the Sheriff's office as the sale in 2003 was too remote. In addition, the reason for the Popples' delay in filing their petition has not been explained. Even by Victoria Popple's initial account she learned of the sale a year or more before they filed the petition. On her cross-examination, the Bureau produced a copy of a 2004 letter from the Popples' counsel to the Bureau acknowledging the sale, and she conceded that the tax sale notice might have caused her to go to the mapping department. Despite such awareness, they waited almost four years to file.

■ A further concern involves the purpose and effect of posting in the unusual facts of this case. The Court has stated that even when a property owner receives actual notice of a tax sale, a defect in the posting nevertheless may require a court to overturn the sale. *O'Brien v. Lackawanna County Tax Claim Bureau,* 889 A.2d 127 (Pa.Cmwlth.2005). The reason for such a result "is that the posting of notice serves the function of notifying the general public, as well as the owner, of a tax sale." *Id.* at 128 (citing *Tax Sale of*

*Real Property in Paint Township*). By opening the sale to the public at large, a taxing authority has greater opportunity to recover any lost tax revenue. *Id.* Nonetheless, in *In re Tax Sale of 2003 Upset,* 860 A.2d 1184 (Pa.Cmwlth.2004), the majority held that under the totality of the circumstances, the posting in that case was made where it was likely to give notice to the owner and the public, and it affirmed the trial court's conclusion that any defect in the posting was cured by actual notice to the owner of the impending sale. The owner (separated from his wife) did not receive notice of the tax sale, but when he visited the property with his daughter she found notice taped to a tree near the family mailbox across the road and not on the property itself.

■ Victoria Popple testified as to the nature of the Property as follows:

It's hard to get to. I use my flyovers from the Mapping Department to locate. We have a lot of little parcels that are actually old rail beds that some of them you cannot get to very easily. I have tried to drive it, I have tried to walk it. It's a little rough terrain.

N.T. 8; R.R. 148a. She stated further that she had been to the Property about seven times between 2003 and the time of the hearing "each trying a different venue to get into it. It was years ago that my father had taken me there. There is no direct road." *Id.* In view of her statements, the purpose of posting to provide notice to the general public could not be fulfilled in this case. Consequently, while strict compliance with statutory notice requirements is the rule, overturning the tax sale based solely on the Bureau's inability to prove posting is a particularly harsh result under the unique circumstances here. The testimony was uncontradicted that the Bureau could not secure evidence of posting because the sale was too remote.

The Popples also argue that the Purchasers did not present proof that the Popples should reasonably have discovered that the Property was sold. As noted at the hearing, Bureau Ex. 1 was a letter that counsel for the Popples sent on January 9, 2004 acknowledging the tax sale. As the Purchasers noted in their brief to the trial court in opposition to the petition to set aside, this Court in *In re Tax Sale of Real Property Situated,* 828 A.2d 475 (Pa. Cmwlth.2003), *aff'd,* 580 Pa. 63, 859 A.2d 471 (2004), stated that due process requires a taxing bureau to conduct a reasonable investigation to ascertain the identity and whereabouts of the latest owners of record of property that is subject to an upset sale in order to provide notice. The taxing bureau's duty is confined to determining the record owners and using ordinary common sense business practices to ascertain proper addresses where notice may be given. *Id.* (citing *Farro v. Tax Claim Bureau of Monroe County,* 704 A.2d 1137 (Pa.Cmwlth.1997)).

■■ In the case *sub judice,* the Bureau sent notice to the address for the grantees indicated on the deed, and it was signed for by someone with the same last name who was permitted by the Post Office to receive certified mail at this post office box, who indicated his capacity as "Agent" and who signed for certified mail addressed to the Popples on other occasions. As a result, the Court concludes that the Bureau followed common sense business practices and that the Popples had implied actual notice. Under the totality of the circumstances, including the implied actual notice to the Popples, the lack of any likelihood that posting would have served the additional function of providing notice to the public and their unexplained delay of four years in bringing their petition, the Court determines that the trial court erred in granting the peti-

tion to set aside the tax sale.[3]  Accordingly, the order of the trial court is reversed.

### ORDER

AND NOW, this 12th day of November, 2008, the order of the Court of Common Pleas of Luzerne County is reversed.

**3.** Although the burden is on the tax claim bureau to show compliance with statutory notice provisions, it is evident from the facts of this case that a tax claim bureau may be prejudiced in meeting its burden when courts allow unexplained and lengthy delays to occur in filing petitions to set aside tax sales.