Leroy W. SCHOOLEY, Appellant

v.

## BEAVER COUNTY TAX CLAIM BUREAU.

Commonwealth Court of Pennsylvania.

Argued June 21, 2010.

Decided Sept. 1, 2010.

David E. Holland, Erie, for intervenor E.D. Lewis.

BEFORE: COHN JUBELIRER, Judge, and BUTLER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge BUTLER.

Leroy W. Schooley (Schooley) appeals to this Court from the November 20, 2009 order of the Court of Common Pleas of Beaver County (trial court) denying his Petition to Upset Tax Sale, wherein Schooley alleged defective posting of the notice required by Section 602(e)(3) of the Real Estate Tax Sale Law (Tax Sale Law).[1] Schooley raises one issue for this Court's review: whether the Beaver County Tax Claim Bureau (Tax Claim Bureau) complied with the requirements of the Tax Sale Law in posting its notice of the impending tax sale of Schooley's property on the rear of his residence. For reasons that follow, we reverse the trial court's order.

At all relevant times, Schooley resided on the property at issue, 1048 State Route 168 in Darlington, Beaver County, PA. He had fallen delinquent on his real estate taxes for the years 2006 and 2007. As a result, the Tax Claim Bureau listed the property for tax sale, ultimately selling the same to E.D. Lewis (Purchaser) for $10,161.06 on September 15, 2008. Schooley filed a timely objection to the sale asserting, *inter alia,* defective posting of the notice required by the Tax Sale Law. The trial court upheld the sale, concluding that any defect in posting did not warrant overturning the sale. Schooley now appeals to this Court.[2]

Jordan Lee Strassburger, Pittsburgh, for appellant.

1. Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. § 5860.602.

2. "The Court's review in tax sale cases is limited to determining whether the trial court abused its discretion, rendered a decision lacking in supporting evidence or clearly erred as a matter of law." *Popple v. Luzerne Cnty. Tax Claim Bureau,* 960 A.2d 517, 519 n. 1 (Pa.Cmwlth.2008).

The parties do not dispute the fact that Schooley received actual notice of the sale at issue, although Schooley claims to have misread the notice and appeared at the taxing office to pay the delinquent taxes on September 18, 2008, three days after the sale at issue.[3] As noted, the present dispute concerns the posting of the tax sale notice on the property. For reasons not addressed by the trial court, the notice in question was twice posted on only the rear door of the residence. "The property was located [more or less] 500 feet [4] from the public road on a private lane." Trial Ct. Mem. Op. at 3. The trial court described the residence as, "a remote property with no direct road." *Id.* Thus, the trial court upheld the sale citing *Popple v. Luzerne County Tax Claim Bureau,*[5] and *In re Tax Sale of 2003 Upset (Tax Sale of 2003 Upset),*[6] reasoning that any defect in posting did not provide sufficient reason to overturn the sale, as the owner received actual notice from the posting at issue.

On appeal, Schooley argues that according to *Ban v. Tax Claim Bureau of Washington County,*[7] the Tax Sale Law required posting on the front-door of his property where it would have been visible from the public street, providing notice to the public at large, conspicuous and reasonably calculated to provide notice to the general public. Because the residence faces Route 168 and there is an unobstructed view between the residence and Route 168, Schooley contends that the taxing office violated the Tax Sale Law by posting the notice inconspicuously on the rear door of his residence where it provided no notice to the public at all. Such public notice by posting is required in order to sufficiently protect the due process rights of the homeowner. The burden of proving compliance with all notice requirements rests with the taxing office. Schooley argues that the taxing office failed to meet its burden, and that because the Tax Sale Law requires strict compliance, the sale must be set aside pursuant thereto.

The Purchaser counter-argues [8] that this Court has rejected the rigid formalistic approach advanced by Schooley, in favor of a common sense approach to determine reasonableness of posting. According to Purchaser, the trial court properly took the same common sense approach in the instant matter. "It was for the trial court to make a finding whether it was 'not likely' that anyone would have seen the posting given the subject property's distance from the public road. Indeed, there was substantial evidence in the record to support the finding that the property was 'remote' with 'no direct road.'" Intervenor–Appellee's Br. (Appellee's Br.) at 7. Further, Purchaser argues, this Court has consistently found waiver and upheld tax sales despite technical deficiencies where taxpayers had actual notice.[9] Thus, in this

3. Schooley states that the trial court was mistaken as to this date, and that he actually appeared at the taxing office on September 16, 2008.

4. According to Schooley: "The residence's front door is anywhere from 350 feet to 500 feet from Route 168." Appellant's Br. at 5. Purchaser admits: "The subject property is situated on a 5½ acre tract that is nestled back off the road between 375 and 500 feet." Intervenor–Appellee's Br. (Appellee's Br.) at 2.

5. 960 A.2d 517 (Pa.Cmwlth.2008).

6. 860 A.2d 1184 (Pa.Cmwlth.2004).

7. 698 A.2d 1386 (Pa.Cmwlth.1997).

8. The Tax Claim Bureau joins Purchaser's argument and makes no argument independent of Purchaser.

9. Purchaser cites ten cases on this point, each of which support the general proposition that objections due to technical deficiencies are waived where there is actual notice; however, none of the cases cited involve waiver of the

case, Schooley was afforded the due process to which he is entitled under the Tax Sale Law because he had express actual notice prior to the sale. Crucial to Purchaser's position is the contention that *Ban* should not be regarded as controlling because it is a 1997 case and must be read in light of the more recent decisions of this Court.

We now reaffirm *Ban* as controlling law in this Commonwealth, and hold that the trial court erred in failing to apply the principles set forth therein. While Section 602(e)(3) of the Tax Sale Law states, in relevant part, "[e]ach property scheduled for sale shall be posted at least ten (10) days prior to the sale," the courts are responsible for applying the Tax Sale Law in such a manner as to afford property owners due process of law with respect to tax sales. In so doing, this Court has interpreted and applied Section 602(e)(3) with respect to varying scenarios, includ-

ing that which is now before the Court, the scenario wherein the required notice is posted to the back-door of a residence as opposed to the front-door. Specifically, this Court was faced with the same scenario in *Ban*. There, this Court reversed a trial court decision to uphold a tax sale where, as here, the property owner had actual notice of the sale and the taxing office posted notice of the pending sale on a rear entrance door, not visible from the public street or sidewalk fronting the property. This Court reasoned that notice provisions are to be strictly construed, that strict compliance is required to prevent deprivation of property without due process of law, and that if notice is defective, then the sale is void. Significantly, this Court explained that the courts: "must consider not only whether the posting is sufficient to notify the owner of the pending sale, but provides sufficient notice to the public at large...." *Id.*, 698 A.2d at 1388. Thus, according to *Ban*, the Tax

requirement of conspicuous posting. Appellee's Br. at 7–8 (citing: *Aldhelm, Inc. v. Schuylkill Cnty. Tax Claim Bureau*, 879 A.2d 400 (Pa.Cmwlth.2005) (advertising requirement satisfied despite one-letter error in spelling of the taxpayer's name); *In re Tax Sale of Real Property Situate in Paint Twp., Somerset County*, 865 A.2d 1009 (Pa.Cmwlth.2005) (deficiencies included a discrepancy between the mailed and published notices as to time and place of the sale (later corrected), mailing notices to a different address than the one provided (although party at interest nonetheless received the notices), and failure to notarize the affidavit which detailed the actual posting of the property); *Cruder v. Westmoreland Cnty. Tax Claim Bureau*, 861 A.2d 411 (Pa.Cmwlth.2004) (certified mail notice defective because bureau failed to verify delivery to taxpayer; the Court held that once actual notice was proven, it was not necessary for Bureau to prove that taxpayer signed the certified receipt); *Stanford–Gale v. Tax Claim Bureau of Susquehanna Cnty.*, 816 A.2d 1214 (Pa.Cmwlth.2003) (notices improperly sent to decedents and not to estate, but estate administrator signed certified receipts); *Sabbeth v. Tax Claim Bureau of Fulton Cnty.*, 714 A.2d 514 (Pa.Cmwlth.1998) (unspecified deficiencies related to mailing, not posting, where certified receipts were signed by taxpayer's husband's employee and left on taxpayer's desk); *In re Return of McKean Cnty. Tax Claim Bureau*, 701 A.2d 283 (Pa.Cmwlth. 1997) (certified receipt signed by a non-owner); *In re Tax Claim Bureau of Dauphin Cnty.*, 651 A.2d 1157 (Pa.Cmwlth.1994) (taxing office conceded failure to notify one of two owners by certified or first class mail, but defect cured by personal service on the same); *Casaday v. Clearfield Cnty. Tax Claim Bureau*, 156 Pa.Cmwlth. 317, 627 A.2d 257 (1993) (advertisement and posting listed prior owner instead of present owner as a result of recent transfer of ownership interest); *Lancaster Cnty. Tax Claim Bureau v. Valenti*, 144 Pa. Cmwlth. 238, 601 A.2d 445 (1991) (where owners returned certified mail unclaimed and fled from sheriff attempting personal service, sheriff's leaving of papers in driveway combined with owner's actual notice was sufficient to satisfy service requirement); *In re Tax Claim Bureau of Lehigh Cnty.*, 96 Pa.Cmwlth. 452, 507 A.2d 1294 (1986) (defects of lack of personal service and certified mail notice waived as a result of actual notice)).

Sale Law's notice requirement includes the requirement that notice be posted such that it can be seen by the public, is conspicuous, and is placed in such a manner so as to attract the attention of an ordinary passerby. Actual notice to the property owner does not cure defective posting. *Id.; see also O'Brien v. Lackawanna Cnty. Tax Claim Bureau*, 889 A.2d 127 (Pa. Cmwlth.2005) (holding actual notice does not cure the defect that exists where a posting is not reasonably calculated to provide notice to the general public).

The concern noted in *Ban* was that the posting at issue was not visible from the public street or the sidewalk fronting the property. Such is the case here. And while *Ban* explained that the posting must provide sufficient notice to the public at large, in this case, the posting provided no notice at all to the public at large. The posting at issue here was not posted such that it could be seen by the public, was not conspicuous, and was not placed in such a manner so as to attract the attention of an ordinary passerby. Thus, *Ban* clearly compels reversal of the trial court's order.

Purchaser is correct, however, in that cases have been brought before this Court subsequent to *Ban*, wherein this Court has further defined what is required by due process under the Tax Sale Law with respect to posting. Thus, while *Ban* sets forth the general rule that posting the back-door or backside of a residence (the side opposite the public highway) is absolutely unacceptable as a substitute for conspicuous posting, the cases relied upon by the trial court (*Tax Sale of 2003 Upset* and *Popple* ) indicate that this Court has made exceptions to the general rule requiring strict compliance with the conspicuous posting requirement.

In *Tax Sale of 2003 Upset*, this Court made an exception to the general rule requiring strict compliance because there was no building on the property at issue and a notice was posted where it was likely to be seen by the general public.[10] Such is not the case here, as there is a home on the property at issue in the matter now before the Court, and notice was not posted where it was likely to be seen by the general public. Therefore, the exception created in *Tax Sale of 2003 Upset* is not at all applicable to the matter now before the Court.

This Court also made an exception to the rule requiring strict compliance with the conspicuous posting requirement in *Popple*. There, the exception was made, in part, because under the "unusual facts" and unique circumstances presented, providing notice to the general public via posting could not be accomplished due to the fact that the property was without a direct road and, thus, very difficult to access. Here, the record indicates that the front of the property at issue was visible from State Route 168, sitting at a distance of no greater than 500 feet from the public road, with a driveway extending from the road to the residence. Thus, the property at issue was not difficult to view or access, as was the case in *Popple*. Further, the trial court made no finding as to whether a conspicuous posting on the front-door of the property (or front-yard for that matter) would have been visible to an ordinary passerby on the public road, by a common delivery person or any other individual visiting the residence for whatever reason. Therefore, this case is sufficiently distinguished from *Popple* such that the exception created therein is not applicable to the instant matter.

The general rule as set forth in *Ban* controls this matter and compels reversal

---

**10.** Notice was taped to a tree near the owner's mailbox.

because, while nothing hindered the Tax Claim Bureau from making a conspicuous posting on the front of the property to be seen by the public, the Tax Claim Bureau inexplicably failed to do so. Given the facts presented, the Court of Common Pleas of Beaver County erred as a matter of law by holding that posting the back-door of Schooley's residence was an excusable defect under Section 602(e)(3) of the Tax Sale Law.

For these reasons, the trial court's order is reversed.

### ORDER

AND NOW, this 1st day of September, 2010, the November 20, 2009 order of the Court of Common Pleas of Beaver County denying Leroy Schooley's Petition to Upset Tax Sale is REVERSED.

The September 15, 2008 sale of Leroy Schooley's property is hereby SET ASIDE.

CONCURRING OPINION BY Judge COHN JUBELIRER.

I concur with the result reached by the majority. I write separately, however, to note the complexity involved in posting the property at issue.

To show that a property was properly posted, the Tax Claim Bureau must demonstrate compliance with a number of criteria. In *In re Upset Price Tax Sale*, 147 Pa.Cmwlth. 52, 606 A.2d 1255 (1992), this Court explained the multiple objectives of posting a property:

> Not only does public posting assist in informing a taxpayer that his or her property is to be exposed at tax sale, especially when, as here, personal service cannot be accomplished, it serves the additional purpose of notifying others whose interest may be affected by the sale such as mortgage and other lien

holders. Posting also serves to notify the public at large that the property is going to be offered at tax sale.

*Id.* at 1258; *see also Ban v. Tax Claim Bureau of Washington County*, 698 A.2d 1386, 1389 (Pa.Cmwlth.1997) ("the statute requires that notice be posted so that it can be seen by the public as well as the occupant"). Thus, this Court has held that the posting requirement is designed to accomplish three distinct objectives: (1) informing the owner; (2) notifying anyone else with an interest in the property; and (3) notifying the public at large.

In this case, given the unusual configuration of the residence, it may have been challenging for the Tax Claim Bureau to satisfy the three objectives of the posting requirement with one posting. The residence is located on a five and a half acre plot of land. (Hr'g Tr. at 28, October 27, 2009, R.R. at 51a.) The front of the residence faces State Route 168, which is 350–500 feet from the residence. (Hr'g Tr. at 28, R.R. at 51a.) There is only one approach to the residence, a private driveway that leads from State Route 168 to the rear of the residence, where the garage doors are located. (Hr'g Tr. at 29, R.R. at 52a.) The property is sloped to the rear so that the basement and garage doors are level with the ground and the driveway is "on the lower part of the property." (Hr'g Tr. at 28–29, R.R. at 51a–52a.) There is no dispute that, to enter the residence, the original property owner, Leroy W. Schooley (Schooley), would follow the driveway to the rear of the residence, park outside the garage, and enter through the rear door of the residence. (Hr'g Tr. at 33–34, R.R. at 56a–57a.)

There was no testimony that Schooley, or anyone else, ever used the front door. Thus, by posting the notice on the rear door, the door that Schooley used, the Tax Claim Bureau posted the property in a

manner that would, and did, inform the owner.[1] However, in this case, the method of posting most likely to notify the owner was the method least likely to notify the general public. Schooley primarily entered the property through the rear door, but the notice attached to that entrance provided little opportunity of reaching the individuals passing the residence on the nearby highway. Although the front door faces the public road, there is no indication that a posting there would have effectively notified individuals driving past the property on the highway, which is located between 350–500 feet away from the front door, and posting on the front door would also have been less likely to notify Schooley. *But see In re: Upset Sale Tax Claim Bureau McKean County on September 10, 2007*, 965 A.2d 1244 (Pa.Cmwlth.2009) (posting notice of a tax sale on the front door of a property, visible from a private but not public roadway, complied with tax sale statute). The majority opinion does not explicitly state what the Tax Claim Bureau should have done to comply with the posting requirements in this case; however, from my review of the record, it appears that posting the property in multiple locations might have satisfied all of the goals of the posting requirement.

In this case, Schooley knew of the sale, yet failed to take the necessary steps to protect his interest in the property; he now avoids the consequences of that failure by citing a technical defect in the posting. The majority correctly applied the controlling case law to Schooley's case. I therefore concur, but I do so with the above observation.

---

1. Schooley testified that he read the notice posted on the rear door. (Hr'g Tr. at 42, R.R. at 65a.)