James J. DWYER, Michael J. Garrity, and SPG Enterprises, A Pennsylvania General Partnership

v.

LUZERNE COUNTY TAX CLAIM BUREAU, and Jerome Kane.

**Appeal of: Jerome Kane.**

Commonwealth Court of Pennsylvania.

Argued Dec. 8, 2014.

Decided Feb. 17, 2015.

Brion W. Kelley, Kingston, for appellant.

Dyan E. Dinstel, Wilkes–Barre, for appellee Luzerne County Tax Claim Bureau.

Joseph J. Terrana, Kingston, for appellees James J. Dwyer, Michael J. Garrity, and SPG Enterprises, A Pennsylvania General Partnership.

BEFORE: RENÉE COHN JUBELIRER, Judge, and PATRICIA A. McCULLOUGH, Judge, and ROCHELLE S. FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Jerome Kane (Purchaser) appeals from the March 27, 2014, order of the Court of Common Pleas of Luzerne County (trial court) that granted the petition of James J. Dwyer, Michael J. Garrity, and SPG Enterprises (collectively, Appellees) to set aside an upset tax sale (Petition). We affirm.

On September 19, 2013, the Luzerne County Tax Claim Bureau (Bureau) conducted an upset tax sale for unimproved real estate located on East Fallbrook Avenue, Dallas Township, Pennsylvania, known as Lots 18, 19, 20, 21, 22, 23, and 24, Section D, Goss Manor (Property).

Purchaser was the successful bidder in the amount of $3,800.

On February 10, 2014, Appellees filed the Petition. On March 26, 2014, the trial court conducted a hearing. Nadine Emel, an employee of Northeast Revenue and agent for the Bureau, testified. Emel stated that it is her responsibility to "move tax sales forward and provide notice." (N.T., 3/26/14, at 8.)

Emel testified that in September 1989, Michael Snell, Edmund Pish, and Garrity acquired title to the Property as tenants in co-partnership, trading and doing business as SPG Enterprises, a Pennsylvania general partnership with a post office box address in Harveys Lake, Pennsylvania. (Trial Ct. Op. at 5.) Subsequently, Garrity acquired Pish's one-third partnership interest in the Property by deed dated November 17, 1992. (*Id.*) Thereafter, Dwyer acquired Snell's one-third partnership interest in the Property by deed dated April 12, 1994. The Snell–Dwyer deed listed Dwyer's residence as 802 Knapp Road, Lansdale, Pennsylvania. (*Id.*)

Emel stated that the Property is registered in the Assessor's Office as "Michael Garrity, James Dwyer, care of Michael Garrity." (N.T., 3/26/14, at 13.) Emel testified that there was no reference to a "partnership" in the assessment records. (*Id.*)

Emel further testified that addresses from deeds "get transferred to the Tax Assessor's Office [ (Assessor's Office) ] and then that is how the Tax Claim Bureau ... notifies individuals of overdue—delinquent taxes or tax sales." (*Id.*, at 9.) Emel also confirmed that "if ... anyone that has title wanted to change the address for which the notices were to be sent, they would go to the Assessor's Office. (*Id.*, at 18.)

At some point, the Property's taxes became delinquent. (Trial Ct. Op. at 6.)

Emel testified that the Bureau sent notice of the delinquent taxes to Garrity and Dwyer. (N.T., 3/26/14, at 12.) The Bureau sent notice to Garrity by certified mail, return receipt requested, to "RR1, Box 256, Harveys Lake, PA." (*Id.*, at 14.) Garrity signed the receipt on June 26, 2013. (Petitioner's Ex. 4.)

The Bureau also sent notice to Dwyer by certified mail, return receipt requested. The notice was addressed to "James Dwyer, care of Michael Garrity, RR1, Box 256, Harveys Lake, PA." (N.T., 3/26/14, at 14.) Garrity signed the receipt on June 26, 2013. (Petitioner's Ex. 4.)

Emel acknowledged that Garrity signed for the certified mail that was addressed to Dwyer in care of Garrity. (N.T., 3/26/14, at 13.) Emel testified that whenever a notice is signed for by someone other than the addressee, the Bureau undertakes "additional notification efforts." (*Id.*, at 12.) She testified, however, that no additional efforts were taken in this instance. (*Id.*)

Emel further testified that the Bureau sent a 10–day notice of the sale by first-class mail to Garrity and Dwyer. The Bureau also posted notice of the tax sale at the Property on August 23, 2013. (*Id.*)

Garrity testified that Dwyer is a partner in SPG Enterprises. (*Id.*, at 34–35.) Garrity also stated that he is the primary person who deals with the Property. (*Id.*, at 29.) Garrity testified that he received both certified notices of the tax sale and signed both return receipts, including the one addressed to Dwyer. (*Id.*, at 23.) However, Garrity did not inform Dwyer that he received or signed for Dwyer's certified notice. According to Garrity, he

became busy and inadvertently missed the sale date. (*Id.*, at 25.) Garrity did not ask the Bureau to send Dwyer's notices to him. (*Id.*, at 36.) Dwyer did not testify.

On June 18, 2014, the trial court granted the Petition and struck the upset tax sale, concluding that the Bureau failed to comply with the notice provisions of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101–5860.803. The trial court determined that where a partnership owns property, each partner whose name appears as owner must receive a separate notice of the tax sale. *See Boehm v. Barnes*, 63 Pa.Cmwlth. 87, 437 A.2d 784, 785 (1981). As such, Garrity and Dwyer were entitled to separate notices. Although the Bureau sent separate notices to Garrity and Dwyer, Garrity signed for both. Because the Bureau did not receive a return receipt executed by Dwyer, pursuant to section 607.1(a) of the Law, 72 P.S. § 5860.607a(a),[1] the Bureau was obligated to undertake additional notification efforts, which it failed to do. Accordingly, the trial court set aside the upset tax sale, and this appeal followed.[2]

 "In a tax sale case, the Bureau has the burden of proving compliance with the statutory notice provisions of the Law." *In re Tax Sale of Real Property Situated in Jefferson Township*, 828 A.2d 475, 478 (Pa.Cmwlth.2003) *aff'd*, 580 Pa. 63, 859 A.2d 471 (2004). A presumption of regularity attaches to tax sales; however, a property owner can overcome this presumption by challenging the sale based on the agency's non-compliance with statutory tax sale requirements. *In re 1999 Upset*

---

1. Added by the Act of July 3, 1986, P.L. 351.

2. This court's "review is limited to determining whether the trial court abused its discretion, rendered a decision with lack of supporting evidence, or clearly erred as a matter of

law." *Krumbine v. Lebanon County Tax Claim Bureau*, 153 Pa.Cmwlth. 457, 621 A.2d 1139, 1140 (1993), *aff'd*, 541 Pa. 384, 663 A.2d 158 (1995).

*Sale of Real Estate,* 811 A.2d 85, 88 (Pa. Cmwlth.2002).

Initially, Purchaser contends that Dwyer was not an "owner" as defined by section 102 of the Law, 72 P.S. § 5860.102, and, therefore, was not entitled to notice. We disagree.

"Owner" is defined in section 102 of the Law as:

> [T]he person in whose name the property is last registered, if registered according to law, or, if not registered according to law, the person whose name last appears as an owner of record on any deed or instrument of conveyance recorded in the county office designated for recording . . . .

72 P.S. § 5860.102 (emphasis added).

■ Purchaser acknowledges that the Property is registered in the names of Garrity and Dwyer. (Purchaser's Br. at 26.) Therefore, by definition, Dwyer was an "owner." Moreover, although the Property was not registered as a partnership, section 602 of the Law, 72 P.S. § 5860.602 "requires separate and individual notice to each named owner of property; regardless of whether that owner holds in common, in joint, or by the entireties." *Teslovich v. Johnson,* 486 Pa. 622, 406 A.2d 1374, 1378 (1979). Thus, Garrity and Dwyer were each entitled to notice.

Purchaser argues, however, that because Dwyer never notified the Assessor's Office to send mail to the Knapp Road address, the Bureau properly sent the notice to the Harveys Lake address. The issue here is not that the Bureau sent notice of the sale to the wrong address, but that the Bureau, upon receiving a receipt signed by Garrity for mail addressed to Dwyer did not exercise reasonable efforts to determine Dwyer's whereabouts.

■ The notice provision of section 602(e)(1) of the Law provides that the Bureau shall give notice of the sale "[a]t least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act." 72 P.S. § 5860.602(e)(1). "Restricted delivery" is mail "delivered only to the addressee or the person he specifically authorizes in writing to receive his restricted delivery mail." *Polarine v. Tax Claim Bureau,* 125 Pa.Cmwlth. 622, 557 A.2d 1175, 1176 (1989). Here, the receipt shows that the certified mail addressed to Dwyer was signed for by Garrity. "Even when a return receipt is signed, the signature must belong to someone authorized by the owner to accept certified mail." *Husak v. Fayette County Tax Claim Bureau,* 61 A.3d 302, 311 (Pa. Cmwlth.2013). There is nothing in the record evidencing Garrity's *authority* to sign for certified mail addressed to Dwyer.

Because Dwyer did not sign for the certified mail addressed to him, in accordance with section 607.1(a) of the Law, the Bureau was required to further investigate Dwyer's whereabouts. Specifically, section 607.1(a) of the Law requires reasonable notification efforts when "mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee . . . ." 72 P.S. § 5860.607a(a). Section 607.1(a) further provides that:

> The bureau's efforts shall include, but not necessarily be restricted to, a search of current telephone directories for the county and of the dockets and indices of the county tax assessment offices, recorder of deeds office and prothonotary's office, as well as contacts made to any apparent alternate address or telephone number which may have been

written on or in the file pertinent to such property.

72 P.S. § 5860.607a(a). The bureau has the burden of proving compliance with the reasonable effort requirement. *Rice v. Compro Distributing, Inc.*, 901 A.2d 570, 575 (Pa.Cmwlth.2006). Here, Emel conceded that although Dwyer did not sign for the certified mail addressed to him, the Bureau did not make any effort to discover Dwyer's whereabouts and notify him. Thus, the trial court properly concluded that the Bureau failed to comply with the Law's notice provision.

Finally, Purchaser argues that Dwyer had actual or implied actual notice of the sale. Purchaser contends that because Garrity testified Dwyer had delegated to Garrity the decision-making authority with respect to the Property and because Garrity was primarily responsible for the Property, Dwyer, by inference, had actual notice of the sale. We disagree.

We initially observe that Garrity testified that he did not tell Dwyer about the sale. (N.T., 3/26/14, at 25.) Moreover, although Purchaser takes issue with Dwyer's absence from the hearing and failure to testify about what, if any, notice he had, the taxing agency has the burden of proving compliance with the notice provisions. *Jefferson Township*, 828 A.2d at 478. Moreover, Purchaser did not object to Dwyer's absence from the hearing, and nothing prohibited Purchaser from subpoenaing Dwyer to testify.

Further, Purchaser's reliance on *Popple v. Luzerne County Tax Claim Bureau*, 960 A.2d 517 (Pa.Cmwlth.2008), for the proposition that Dwyer had implied actual notice is misplaced. In that case, the bureau sent certified mail of the impending tax sale to James V. Popple and Victoria Popple, the owners of the property. Both receipts were signed by Joseph Popple as "Agent." *Id.* at 520. In concluding that the Popples had implied actual notice, this court observed that the bureau sent notice to the grantees indicated on the deed, and the notice "was signed for by someone with the same last name *who was permitted by the Post Office to receive certified mail* at this post office box, *who indicated his capacity as 'Agent'* and *who signed for certified mail addressed to the Popples on other occasions.*" *Id.* at 523 (emphasis added).

Here, the Bureau failed to present evidence that the post office permitted Garrity to receive certified mail addressed to Dwyer, that Garrity signed as "Agent" for Dwyer, or that Garrity had previously signed for certified mail addressed to Dwyer.

Because the Bureau failed to comply with the statutory notice requirements, the trial court properly set aside the tax sale. Accordingly, we affirm.

### ORDER

AND NOW, this *17th* day of *February,* 2015, we hereby affirm the March 27, 2014, order of the Court of Common Pleas of Luzerne County.