**In re 1999 UPSET SALE OF REAL ESTATE, Montgomery County Tax Claim Bureau for 1997 Delinquent Taxes, Tax Parcel 59–00–15922–00–3.**

**Appeal of: Irvin Povlow, Michael Candido, Michael Singer and Homeowner's Concept, Inc.**

Commonwealth Court of Pennsylvania.

Argued Nov. 4, 2002.
Decided Nov. 22, 2002.

A.O. 13–14 (emphasis added).

William J. Levant, Blue Bell, for appellant.

Harry C. Citrino, Jr., Philadelphia, for appellee.

BEFORE COLINS, President Judge, COHN, Judge, and MIRARCHI, Senior Judge.

OPINION BY President Judge COLINS.

Irvin Povlow, Michael Candido, Michael Singer, and Homeowner's Concept, Inc. (Buyers) appeal the order of the Court of Common Pleas of Montgomery County sustaining the objections of William and Arleen Kupper (Taxpayers) to the tax upset sale of the real property located at 4205 Shoemaker Road, Huntingdon Valley for delinquent taxes and voiding the sale.

In their objections to the sale, the Taxpayers averred the following. The Taxpayers are husband and wife and own the property as tenants by the entireties. William Kupper resides at the property; Arleen Kupper resides in Weehawken, New Jersey since January 1990. The Taxpayers alleged that records at the Tax Claim Bureau of Montgomery County contained no proof that the tax sale was published in any newspaper or legal journal, no signed receipts to establish that either of the Taxpayers received notice of the sale, no proof of first-class mailing of notices to either of the Taxpayers. They averred that the Bureau failed to comply with the statutory requirements and requested that the sale be set aside. The Buyers intervened and filed an answer.

The evidence of record is as follows. Deputy Sheriff William Reinhardt testified that the property was posted and that personal service was attempted at the Shoemaker Road address on five occasions without success. Sharon Hetrick of the tax claim bureau produced proof of attempts to serve notices of the tax sale by certified mail at the Shoemaker Road address:

1. A notice of return and claim mailed on April 17, 1998 addressed to William and Arleen Kupper, returned as unclaimed;

2. A notice of return and claim dated April 1, 1999 addressed to William and Arleen Kupper with no attachment indicating whether it was delivered or not;

3. A notice of public tax sale dated May 28, 1999 addressed to Arleen Kupper, returned unclaimed;

4. A notice of public tax sale dated May 28, 1999 addressed to William Kupper, returned unclaimed.

The bureau's file contains a notice of return and claim dated October 17, 1998 and a notice of public tax sale dated July 8, 1999 that were supposedly posted on the property; neither bore the name of the person who posted it. Personal service of the notice of public tax sale dated July 8, 1999 was unsuccessful. Ms. Hetrick testified that separate second notices of public tax sale dated August 27, 1999 were mailed "by regular mail" to William Kupper and to Arleen Kupper; however, the notices themselves state that they were sent certified mail and bear no return receipts. Letters sent by certified mail to William Kupper and to Arleen Kupper at the Shoemaker Road address after the sale were returned as unclaimed.

On September 7, 1999, the tax claim bureau filed with the court of common pleas a petition to waive personal service on the property owners for cause shown. The petition represents that the sheriff was unable to make personal service because the owner-occupants are deceased, do not answer the door, do not reside in the property, or their whereabouts are unknown. The trial court granted the waiver in an order that references a tax sale date of September 13, 1999 in its first paragraph but decrees in its second paragraph that the properties may be sold at the tax sale scheduled for September 22, 1998 even though the owner-occupants were not personally served with notice.

After considering the evidence, the trial court set aside the sale. The trial court concluded that the tax claim bureau failed to prove compliance with the notice provisions. The Buyers filed exceptions, which the trial court overruled. On appeal to this Court,[1] the Buyers argue that the

1. Our review is limited to determining whether the trial court abused its discretion, clearly erred as a matter of law, or rendered a decision unsupported by the evidence. *Hunter v. Washington County Tax Bureau*, 729 A.2d 142 (Pa.Cmwlth.1999).

trial court erred when it concluded that the tax claim bureau failed to provide proper notice of the tax sale and that the court improperly allocated the burden of proof.

■ Although a presumption of regularity attaches to tax sales, a property owner overcomes the presumption whenever he or she states a prima facie challenge to the sale based on the agency's compliance with statutory tax sale requirements. *Michener v. Montgomery County Tax Claim Bureau*, 671 A.2d 285 (Pa.Cmwlth. 1996). Because of the fundamental importance of the due process considerations that arise when the government subjects a citizen's property to forfeiture for nonpayment of taxes, the agency that has sold the property bears the burden of proving that it complied with statutory notice requirements when property owner mounts such a prima facie challenge. *Id.*

■ Section 602 of the Real Estate Tax Sale Law (Tax Sale Law),[2] 72 P.S. § 5860.602, imposes a series of notification requirements—by publication, certified mail, and posting—before a county tax claim bureau can sell real property for delinquent taxes. Before a tax sale can be conducted or confirmed, Section 607.1(a) of the Tax Sale Law,[3] 72 P.S. § 5860.607a(a), requires additional notification efforts when the mailed notification is returned without the required personal receipt or under circumstances that raise doubt as to the actual receipt of notification by the named addressee. The Law's notice provisions are to be strictly construed, and the tax sale is void if any of the required types of notice is defective. *Ban v. Tax Claim Bureau of Washington County*, 698 A.2d 1386 (Pa.Cmwlth.1997). At issue in this case are the personal service and mailing requirements and the sufficiency of the notification efforts.[4]

**Waiver of Personal Service**

Section 601(a)(3) of the Tax Sale Law provides that no owner-occupied property may be sold unless the tax claim bureau has given the owner notice of the sale by personal service by the sheriff. 72 P.S. § 5860.601(a)(3). If personal service cannot be made within 25 days of the bureau's request to the sheriff, the bureau may petition the court of common pleas to waive the requirement for good cause shown. *Id.*

In this case, after five attempts to make personal service on the Taxpayers, the bureau petitioned the trial court to waive the personal service requirement. By order dated September 8, 1999, the court ordered that the property "may be sold at the Tax Sale scheduled for September 22, 1998." Subsequently, after reviewing the record, the trial court ruled that tax sale should be invalidated on the alternative ground that the bureau's petition contained inaccurate information.

The appellants argue that the bureau's petition for waiver of the personal service requirement was not fatally defective because of errors in the sale date and years for which taxes were owing. The petition referred to the tax sale date in one instance as "September 13nd" and in another instance as "September 13, 1999." It further argues that the typographical er-

---

**2.** Act of July 7, 1947, P.L. 1368, *as amended.*

**3.** Added by Section 30 of the Act of July 3, 1986, P.L. 351.

**4.** The trial judge's opinion, filed pursuant to Pa. R.A.P.1925(b), does not address the tax claim bureau's compliance with the law's publication requirements. We note that the record contains no evidence that the tax claim bureau properly published notice of the tax sale.

rors were inconsequential because neither the petition nor the order granting the waiver was served on the Taxpayers.

Although we do not agree that the defective petition in this case is sufficient ground to invalidate the tax sale, the errors in the petition are representative of the careless manner in which the tax claim bureau pursued the sale of the property in question. The errors and inconsistencies involve some of the most salient facts upon which the petition was based: the date of the tax sale and the tax years for which taxes were delinquent. Furthermore, the bureau should have discovered the erroneous date in the court's order granting waiver and sought clarification or amendment.

## Notification Requirements

 Pursuant to Section 602(e) of the Tax Sale Law, a county tax sale bureau, at least 30 days before the date of a tax sale, must serve notice of the sale on each owner by United States certified mail, restricted delivery, return receipt requested, postage prepaid. 72 P.S. § 5860.602(e)(1). If return receipt is not received from each owner, then at least 10 days before the sale, notice must be given to each owner who failed to acknowledge the first notice by first class mail, proof of mailing, at each owner's last known address. 72 P.S. § 5860.602(e)(2). Separate notice must be sent to each owner even when the property is owned by husband and wife as tenants by the entireties. *In Re Upset Tax Sale Held 11/10/97*, 784 A.2d 834 (Pa. Cmwlth.2001), *petition for allowance of appeal denied sub nom. In re Baklycki*, 569 Pa. 688, 800 A.2d 936 (2002).

The undisputed facts in this matter are that in 1990 Arleen Kupper moved to Weehawken, New Jersey. All of the certified mail notifications were addressed to William and Arleen Kupper at the Shoemaker Road address, and all were returned as unclaimed. The tax claim bureau failed to comply with the statutory requirement to send separate notification by certified mail to each of the named owners. The bureau also failed to send the second notices by first class mail to each owner, with proof of mailing.

Because the evidence in this case establishes that certified mail notifications were returned without the required receipt, that personal service was not made on any owner, and that none of the notices were acknowledged in any respect, the tax claim bureau was statutorily obligated to make additional notification efforts. Section 607.1(a) of the Tax Sale Law states,

(a) When any notification of a pending tax sale or a tax sale subject to court confirmation is required to be mailed to any owner ... and such mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee or is not returned or acknowledged at all, then, before the tax sale can be conducted or confirmed, the bureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him. The bureau's efforts shall include, but not necessarily be restricted to, a search of current telephone directories for the county and of the dockets and indices of the county tax assessment offices, recorder of deeds office and prothonotary's office, as well as contacts made to any apparent alternate address or telephone number which may have been written on or in the file pertinent to such property. When such reasonable efforts have been exhausted, regardless of whether or not the notification efforts have been successful, *a notation shall be placed in the property file describing the*

*efforts made and the results thereof,* and the property may be rescheduled for sale or the sale may be confirmed. . . .

(b) The notification efforts required by subsection (a) shall be in addition to any other notice requirements imposed by this act.

72 P.S. § 5860.607a (emphasis added). The record in this case contains no evidence that the tax claim bureau pursued any of the required additional notification efforts. As we have stressed in the past, Section 607.1(a) demonstrates our General Assembly's awareness of the evolving due process standard for notice that requires state and local governments to make real efforts to locate and notify the holders of interests in property. A tax claim bureau may not ignore the mandatory additional notification requirements and proceed with a sale when mailed notification is unsuccessful or when other circumstances raise doubt as to its actual receipt.

**Publication Requirements**

Although the trial court did not address the tax claim bureau's compliance with the statutory advertising requirements, the Buyers argue that those requirements were met and assert that it obtained and submitted duplicate affidavits of publication from the Pottstown Mercury and Montgomery County Law Reporter and copies of the notices from the Norristown Times Herald. On this issue, we must agree with the Taxpayers that the evidence was not presented before the trial court, and the tax claim bureau produced no evidence on this issue. On the record before us, we would have to conclude that on this requirement also, the bureau failed to meet its burden.

Having concluded that the trial court did not err when it concluded that the tax claim bureau failed to comply with the statutory notice requirements, the burden never shifted to the Taxpayers to produce contradictory evidence or to otherwise show cause why the tax sale should be overturned; therefore we need not address the Buyers' argument that the Taxpayers failed to produce any contradictory evidence.

Finally, we reject the Buyers' argument that a court might infer that the Taxpayers had actual notice of the tax sale based on their discovery of the sale more than 30 days thereafter. We cannot accept the appellants' bare assertion that the Taxpayers probably received the second notices and saw the posted notices and therefore knew of the sale weeks before it took place. Although evidence of actual notice might mitigate the tax claim bureau's failure to comply with the statutory notice requirements, the appellants presented no evidence to support such a conclusion.

Accordingly, the order of the court of common pleas is affirmed.

### ORDER

AND NOW, this 22nd day of November 2002, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is affirmed.