IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kristopher Hochendoner       :
       :
     v.       :
       :
Fayette County Tax Claim Bureau       :    No.  398 C.D. 2021
       :
     v.       :    Submitted:  March 11, 2022
       :
Thomas Phillips,       :
           Appellant       :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH           FILED: May 18, 2023

Thomas Phillips (Appellant) appeals from the March 15, 2021 order of the Court of Common Pleas of Fayette County (trial court) granting Kristopher Hochendoner's (Owner)[1] Exceptions to Tax Sale (Exceptions) and setting aside the upset tax sale of property located at 104 Trader Avenue, Connellsville, Pennsylvania (Property).  Upon review, we affirm.

## I.   Factual and Procedural History

The Property was exposed to an upset tax sale due to Owner's failure to pay local property taxes for tax year 2019.  Appellant purchased the Property at a tax

---

[1] Owner, having failed to file a brief pursuant to this Court's December 14, 2021 order, has been precluded from participating in this appeal.

upset sale on October 19, 2020, for $2,850.13. (Reproduced Record (R.R.) at 28a.) On December 18, 2021, Owner filed timely Exceptions to Tax Sale, asserting that he never received prior notice of the tax sale. Owner asserted that the Property and structure thereon was used by Owner as a rental property. *Id.* at 7a. Owner asserted that he did not receive actual notice of the tax sale. *Id.* at 8a. He further asserted that the address that Fayette County (County) had listed for him was incorrect and, therefore, he was never served with anything to make him aware of the tax sale. *Id.* at 10a. Appellant intervened. The trial court held a hearing on Owner's Exceptions on March 12, 2021, at which Appellant appeared though his counsel.

Owner was present in the courtroom, but he did not testify on his own behalf and was not called "as on cross" by Appellant. According to the witness for the Fayette County Tax Claim Bureau (Tax Claim Bureau), on February 22, 2019, a Return and Claim Notice was sent to Owner *via* certified mail to "**11638** State Route 981," Ruffs Dale, Pennsylvania, informing Owner that a claim was entered for nonpayment of 2019 taxes and that if he failed to pay the taxes the Property would be sold. On June 8, 2019, the Notice was returned undelivered, with the notation "ATT," which means "attempted." *Id.* at 29a, 83a. Additional attempts to notify Owner of delinquent taxes were made in March and April of 2019. These mailings were all sent to "**11638** State Route 981." *Id.* at 41a. Each mailing was returned to the sender as "attempted."

In June 2020, a Notice of Sale was sent *via* certified mail, restricted delivery, to Owner at "**11638** State Route 981," Ruffs Dale, Pennsylvania. *Id.* at 40a-41a, 82a. That Notice was returned to the Tax Claim Bureau undelivered, with the following note from the post office: "Return to Sender. Attempted. Not known. Unable to forward." *Id.* at 29a, 40a-41a, 82a.

2

The Tax Claim Bureau posted a notice of sale on the Property on July 1, 2020. *Id*. at 30a, 84a. A 10-day letter notifying Owner that the Property was on the Tax Sale List was sent *via* first class mail to Owner at "**11638** State Route 981," Ruffs Dale, Pennsylvania, on September 24, 2020. *Id*. at 43a-45a, 87a. On cross-examination, the Tax Claim Bureau's witness testified that the Tax Claim Bureau had sent a notice in 2017 to Owner at "**1638** Route 981 Ruffs Dale", and that the 2017 notice **was** received by Owner. *Id*. at 51a. She admitted that the tax notices, notice of sale, return of claim, and 10-day letter were all sent "to a slightly different address than the one . . . on file that was actually signed for." *Id*. at 52a. Once the notices were all returned as undelivered, the Tax Claim Bureau did nothing other than conduct a True People Search to try to obtain a corrected address. *Id*. at 53a. It did not search any county indices, the prothonotary's office, the recorder of deeds, or the clerk of courts to check for Owner's address. *Id*. at 53a-54a. The Property was sold at the 2020 Fayette County upset tax sale, which took place on October 19, 2020. The highest bidder on the Property was Appellant.

After the hearing, the trial court entered an order on March 15, 2021, granting Owner's Exceptions, directing that Appellant be refunded all filing fees, and ordering that the deed recorded on December 18, 2020, to Appellant be set aside. The trial court concluded that the Tax Claim Bureau failed to satisfy the requirements of Section 607.1 of the Real Estate Tax Sale Law (Tax Sale Law),[2] which requires the Tax Claim Bureau to exercise reasonable efforts to discover the whereabouts of the owner if a notification is returned undelivered.

---

[2] Act of July 7, 1947, P.L. 1368, *as amended*, added by the Act of July 3, 1986, P.L. 351, 72 P.S. § 5860.607.a.

Appellant now appeals[3] and raises one issue:

> Did the trial court err by invalidating a tax sale before testimony could be obtained from the Appellee/Record Owner of the property sold to determine if the Record Owner had actual notice of the sale of his property at the October 19, 2021, Fayette County, Upset Tax Sale.

(Appellant's Br. at 7.)

## II.    Discussion

In this case, there is no dispute that the Tax Claim Bureau did not provide statutory notice to Owner of either the 2019 tax delinquency or the tax sale. Because he has not pursued the argument on appeal, Appellant appears to concede this error. Appellant argues, however, that the trial court should not have voided the tax sale without first determining if Owner had actual knowledge of the impending sale. Appellant contends that even assuming the Tax Claim Bureau did not fulfill its notice obligations under the Tax Sale Law, the sale may still be upheld if Owner had actual notice. Appellant contends that here,

> the [trial court], in deciding the matter based upon 72 P.S. § 5860.607a and only after hearing testimony from a single employee of the [Tax Claim Bureau], **did not permit the attorneys for the Tax Claim Bureau or [Appellant] to obtain testimony from [Owner] to determine if he had actual notice of the sale of the [P]roperty.** *See* RR [s]*upra*.

(Appellant's Br. at 19a) (emphasis added). He further asserts that he "**did not get a chance to** engage in examination of [Owner] to determine if there was actual notice of the sale." *Id*. (emphasis added). Appellant asks this Court to reverse and remand the

---

[3] Our review in a tax sale case is limited to determining whether the trial court abused its discretion, committed an error of law, or rendered a decision unsupported by the evidence. *Montgomery County Tax Claim Bureau v. Queenan*, 108 A.3d 947 (Pa. Cmwlth. 2015).

4

matter to the trial court to take additional testimony from Owner to determine if he had actual notice of the sale.

It is well established that the notice provisions of the Tax Sale Law are to be strictly construed. *Donofrio v. Northampton County Tax Claim Bureau*, 811 A.2d 1120, 1122 (Pa. Cmwlth. 2002). The Tax Sale Law compels strict compliance in order to ensure that a governmental entity seeking to recover delinquent taxes provides due process before divesting an individual of his property. *In Re Tax Sale of Real Property Situate in Paint Township, Somerset County*, 865 A.2d 1009, 1015 (Pa. Cmwlth. 2005). When , however, a "property owner has actual notice of a tax upset sale, the notification requirements in the statute need not be followed." *In re: York County Tax Claim Bureau (Appeal of Luciani)*, 3 A.3d 765, 767 (Pa. Cmwlth. 2010) (*citing Donofrio*, 811 A.2d at 1122).

There exists a *prima facie* presumption of the regularity that attaches to a tax sale. *Thomas v. Montgomery County Tax Claim Bureau*, 553 A.2d 1044 (Pa. Cmwlth. 1989). A property owner can overcome the presumption "[b]y filing exceptions to a tax sale, averring that the statutory notice provisions were not complied with, [and thus creating] a contrary appearance." *Ali v. Montgomery County Tax Claim Bureau*, 557 A.2d 35, 37 (Pa. Cmwlth. 1989). Then, the tax claim bureau or a purchaser arguing that the tax sale was proper has the burden of proving that the tax claim bureau complied with the notice provisions. *Upset Price Tax Sale of September 10, 1990 (Sortino) v. Delaware County Tax Claim Bureau*, 606 A.2d 1255 (Pa. Cmwlth. 1992).

At the outset, we note that Appellant has not identified where in the record the trial court "did not permit" him to call Owner as a witness. We have scoured the record and there is nothing that supports Appellant's assertion that the trial court in any way inhibited Appellant's ability to call Owner to the stand or present evidence of

Owner's constructive notice of the tax sale. Appellant **never attempted or asked the trial court to do so**.[4]

In *Dwyer v. Luzerne County Tax Claim Bureau*, 110 A.3d 223 (Pa. Cmwlth. 2015), a tax sale purchaser took issue with the property owner's absence from the hearing and failure to testify about what notice he had received. We rejected the argument, noting that the purchaser "did not object to [the property owner's] absence from the hearing, and nothing prohibited [the p]urchaser from subpoenaing [the property owner] to testify." *Id*. at 227.

Here, Owner filed Exceptions seeking to set aside the tax sale on the grounds that he "did not receive actual notice" of the impending tax sale and that he "was never served anything to make [him] aware of the tax sale." (R.R. at 8a, 10a.) Appellant intervened in the matter on January 8, 2021. *Id*. at 1a. Appellant had three months prior to the March 12, 2021 hearing to conduct discovery and prepare his case and "actual notice" defense. There is no indication in the record that Appellant deposed Owner or subpoenaed Owner to testify. At the hearing, Appellant failed to offer any argument or evidence to support his "actual notice" defense. He did not call Owner as on cross-examination on the theory that Owner had an interest adverse to Appellant. As in *Dwyer*, he did not lodge any objection to Owner's failure to testify about what, if any, notice he had received. Nor did he ask the trial court for permission to do so, although he could have, as Owner **was present** and available in the courtroom. Instead,

---

[4] From what this Court has gleaned from the transcript, Appellant's **only** reference to Owner's actual knowledge of the impending sale was made by his counsel during closing arguments, when he stated that "[t]he gentleman that owns the [P]roperty does need to take the stand to see if he had constructive notice." (R.R. at 74a.) Again, Appellant does not specifically reference this exchange in his brief. However, to the extent Appellant relies on it to support his position that he **asked** the [trial c]ourt to allow him to call Owner, we do not view counsel's remark with the same measure of potency.

6

after questioning the Tax Claim Bureau's witness, Appellant's counsel stated that he would not be calling any witnesses to defend the tax sale. *Id*. at 70a.

Based on the only evidence presented, the trial court determined the Tax Claim Bureau did not comply with the statutory notice requirements, and that Owner did not have actual knowledge of the impending tax sale. We discern no error. The Tax Claim Bureau and Appellant had the burden of showing compliance or actual knowledge. *Sortino*. They failed to meet that burden. We therefore conclude that the trial court did not err by declaring the tax sale null and void. *See In re 1999 Upset Sale of Real Estate*, 811 A.2d 85, 90 (Pa. Cmwlth. 2002) (holding that although evidence of actual notice might mitigate the tax claim bureau's failure to comply with the statutory notice requirements, buyers presented no evidence to support such a conclusion); *Ferrell v. Westmoreland County Tax Claim Bureau* (Pa. Cmwlth., No. 1292 C.D. 2013, filed May 20, 2014) (upholding the setting aside of a tax sale where buyer failed to present any evidence at the hearing of owner's actual notice of the tax sale).[5]

The order of the trial court is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

---

[5] Under Section 414(a) of this Court's Internal Operating Procedures, an unreported opinion may be cited for its persuasive value. 210 Pa. Code § 69.414(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kristopher Hochendoner          :
                                :
              v.                :
                                :
Fayette County Tax Claim Bureau :       No.  398 C.D. 2021
                                :
              v.                :
                                :
Thomas Phillips,                :
              Appellant         :


## ***ORDER***


     AND NOW, this 18th day of  May, 2023, the March 15, 2021 order of the Court of Common Pleas of Fayette County is hereby AFFIRMED.


_____

PATRICIA A. McCULLOUGH, Judge