IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lisa Williams,                                 :
                    Appellant                  :
                                               :
            v.                                 :
                                               :
County of Monroe, Tax Claim Bureau   :   No. 666 C.D. 2022
of Monroe County and Jason Keller     :   Submitted: May 12, 2023


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE LORI A. DUMAS, Judge


OPINION
BY JUDGE FIZZANO CANNON          FILED:  August 29, 2023


          Lisa Williams (Williams) appeals[1] from a January 27, 2022 order of the
Court of Common Pleas of Monroe County (trial court) that denied her petition to
set aside an upset tax sale and her objections to the upset tax sale.  At issue is the
sufficiency of the certified return receipt evidencing notice to Williams of the tax
sale.  Upon review, we reverse the trial court's order.


                            **I. Background**

          Williams, who resides in New Jersey, is the record owner of a
residential property located in East Stroudsburg, Monroe County, Pennsylvania.
*Williams v. Cnty. of Monroe* (C.C.P. Monroe, No. 6718 CV 2021, filed Jan. 27,

---

[1] Williams initially appealed to the Superior Court; the case was transferred to this Court.

2021), slip op. (Trial Ct. Op.) at 1. Williams owed delinquent county, municipal, and school taxes for tax year 2019. *Id.* On June 26, 2021, the Tax Claim Bureau of Monroe County (Bureau) sent a notice of public tax sale to Williams by certified mail, indicating a tax sale date of September 15, 2021. Reproduced Record (RR) at 12a; Trial Ct. Op. at 1. The Bureau received a return receipt for the certified mailing, with "L. Williams" printed in the signature box. RR at 12a; Trial Ct. Op. at 1. The "Received by (Printed name)" box on the return receipt contained a printed entry that stated "Covid 19 RT 41." RR at 12a; Trial Ct. Op. at 1. The date of delivery was marked "7-1-21." RR at 12a; Trial Ct. Op. at 1. Williams did not sign the return receipt. RR at 12a; Trial Ct. Op. at 1. Williams lived with her daughter at the time the certified mail notice was sent, but her daughter was not authorized to sign for mail on Williams's behalf. RR at 12a; Trial Ct. Op. at 1.

In August 2021, Williams contacted the Bureau concerning payment of the delinquent taxes. Trial Ct. Op. at 2. She mistakenly believed she had until the end of September to make the payment. *Id.* When she telephoned the Bureau on September 16, 2021 to arrange full payment, she learned the property had been sold at the tax sale the previous day. *Id.*

Williams filed a petition in the trial court to set aside the tax sale, challenging the sufficiency of the certified notice provided by the Bureau. Trial Ct. Op. at 2. Specifically, Williams asserted that the Bureau failed to prove she signed the certified return receipt, and thus failed to prove that notice of the tax sale was correctly provided to her. *Id.*

The trial court disagreed. Relying on this Court's decision in *FS Partners v. York County Tax Claim Bureau*, 132 A.3d 577, 581 (Pa. Cmwlth. 2016), the trial court concluded that the Bureau satisfied its certified notice obligation

2

regardless of whether Williams actually signed the certified return receipt or actually received notice of the tax sale.  Trial Ct. Op. at 3-4.  This appeal followed.

## II.  Issue

The sole issue on appeal[2] is the sufficiency of the Bureau's notice of the tax sale.

## III. Discussion

As the Pennsylvania Supreme Court has explained, "constitutional due process [] requires at a minimum that an owner of land be actually notified by government, if reasonably possible, before his land is forfeited by the state." *Geier v. Tax Claim Bureau of Schuylkill Cnty.*, 588 A.2d 480, 483 (Pa. 1991) (quoting *Tracy v. Chester Cnty. Tax Claim Bureau*, 489 A.2d 1334, 1339 (Pa. 1985) (additional quotation marks omitted)).  Consistent with this constitutional requirement, the legislature mandates that a tax claim bureau must provide advance tax sale notices to delinquent property owners under the Real Estate Tax Sale Law (Tax Sale Law).[3]  Section 602 of the Tax Sale Law requires notice by publication, posting on the property, and certified mail.  72 P.S. § 5860.602.  Only notice by certified mail is as issue here.

Section 602(e)(1) and (2) of the Tax Sale Law provides:

(e) In addition to [] publications, [] notice of the [tax] sale shall also be given by the bureau as follows:

---

[2] In tax sale cases, this Court's review is limited to determining whether the trial court abused its discretion, clearly erred as a matter of law, or rendered a decision that lacked supporting evidence.  *Rice v. Compro Distrib., Inc.*, 901 A.2d 570 (Pa. Cmwlth. 2006).

[3] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101-5860.803.

3

(1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by [the Tax Sale Law].

(2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the [tax] bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the [tax] bureau to determine the last post office address known to said collector and county assessment office.

72 P.S. § 5860.602(a)(1) & (2). "To satisfy Section 602(e), the notice must be signed for on behalf of the personal addressee or someone with authorization." *Est. of Smith v. Pike Cnty. Tax Claim Bureau* (Pa. Cmwlth., No. 841 C.D. 2011, filed Dec. 19, 2011) (*Smith II*),[4] slip op. at 7 (citing S*mith v. Pike Cnty. Tax Claim Bureau*, 834 A.2d 1247 (Pa. Cmwlth. 2003) (*Smith I*)). Moreover, "strict compliance with notice requirements is necessary to ensure citizens are not stripped of their property rights without due process . . . . Accordingly, the notice requirements are strictly construed." *Smith II*, slip op. at 7 (first citing *Geier*; and then citing *Rivera v. Carbon Cnty. Tax Bureau*, 857 A.2d 208 (Pa. Cmwlth. 2004)).

The Bureau bears the burden of demonstrating compliance with the statutory notice requirements. *FS Partners*, 132 A.3d at 581. The trial court correctly observed that the Bureau is not required to inquire behind a signature to

---

[4] This unreported decision is cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

4

determine whether it is genuine.  *See id.*  However, that principle applies only where a signature is actually present.  Section 607.1 of the Tax Sale Law[5] provides:

> When any notification of a pending tax sale or a tax sale subject to court confirmation is required to be mailed to any owner, mortgagee, lienholder or other person or entity whose property interests are likely to be significantly affected by such tax sale, *and such mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee* or is not returned or acknowledged at all, then, before the tax sale can be conducted or confirmed, the [tax] bureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him.  The [tax] bureau's efforts shall include, *but not necessarily be restricted to*, a search of current telephone directories for the county and of the dockets and indices of the county tax assessment offices, recorder of deeds office and prothonotary's office, as well as contacts made to any apparent alternate address or telephone number which may have been written on or in the file pertinent to such property.  When such reasonable efforts have been exhausted, regardless of whether or not the notification efforts have been successful, notation shall be placed in the property file describing the efforts made and the results thereof, and the property may be rescheduled for sale or the sale may be confirmed.

72 P.S. § 5860.607a (emphasis added); *see also Smith II*, slip op. at 10-11 (quoting Section 607.1).  As this Court has explained, "[i]n essence, the Tax Sale Law requires additional notification efforts when circumstances raise significant doubt as to personal receipt by the owner."  *Smith II*, slip op. at 11 (first citing *Smith I*; and then citing *In re 1999 Upset Sale of Real Estate*, 811 A.2d 85 (Pa. Cmwlth. 2002)).

---

[5] Added by the Act of July 3, 1986, P.L. 351.

5

It is undisputed that here, the Bureau made no effort to assure itself that Williams had actually received notice pursuant to Section 607.1; nor did the Bureau send a second mailed notice pursuant to Section 602(e)(2). Rather, the Bureau simply relied on the printed name and "Covid 19 RT 41" notation on the certified return receipt. *See* RR at 12a. Thus, the sufficiency of the Bureau's evidence of notice hinges on whether "the mailed notification [was] either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee" as contemplated by Section 607.1.

*FS Partners*, on which the trial court relied, is one in a line of tax sale cases in which property owners have alleged that their names on return receipts had been signed by others. Here, by contrast, there was *no* signature on the return receipt, but merely Williams's printed name. *See* RR at 12a. We therefore conclude that *FS Partners* and similar cases are inapplicable.

In *Smith II*, a New Jersey resident owned real property in Pennsylvania on which real estate taxes were delinquent. A guardian had been appointed for her and had allegedly authorized the local post office in New Jersey to accept mail for her. When the county tax bureau in Pennsylvania sent a certified notice of an impending tax sale, the bureau received the return receipt unsigned but stamped "Capitol Post Office, State of NJ." *Id.*, slip op. at 2. The common pleas court held that the tax bureau had provided sufficient proof of notice.

This Court reversed. We explained that when a certified notice is unacknowledged, the tax bureau must send a second notice. *Smith II*, slip op. at 7 (quoting Section 602(e) of the Tax Sale Law). Further, we observed that "the receipt card, while stamped by the New Jersey post office, did not indicate that the New

6

Jersey post office had authorization to accept mail for" the property owner or her guardian. *Id.*, slip op. at 8. Therefore, "[a]t the time the [tax b]ureau received the receipt cards, [it] had no reason to believe the stamp showed notice to [the owner]." *Id.* Instead, "the receipt cards were not signed by any person or entity to suggest receipt by [the owner]. The absence of any signatures on the receipt cards should have signaled to the [tax b]ureau the inadequacy of the mailed notices." *Id.*, slip op. at 9. Critically, "the [tax b]ureau accepted an unfamiliar stamp in lieu of a signature without any basis for believing that the stamp was authorized by [the owner]." *Id.*, slip op. at 10. "Lacking signatures or authorized acceptance of the notices by mail, the [tax b]ureau failed to provide notice compliant with Section 602(e) in order to proceed with the sale." *Id.* Ultimately, we held that "a [tax] bureau may not rely upon 'implicit authorization' to meet the strict notice criteria in the law." *Id.*, slip op. at 9 (citing *Smith I*, 834 A.2d at 1251).

We find our analysis in *Smith II* applicable and persuasive here. The Bureau received a return receipt that similarly lacked a signature. RR at 12a. The return receipt simply had Williams's printed name in the signature box and designated "Covid 19 RT 41" in the "received by" space.[6] *Id.* Notably, the Bureau does not argue that the printed name constituted a signature.[7] We conclude that the printed name and notation, like the stamp in *Smith II*, were insufficient to show notice to Williams and should have "signaled to the Bureau the inadequacy of the

---

[6] We note that the printed name and the "Covid 19 Rt 41" notation appear to have been printed by the same hand. This circumstance should further have alerted the Bureau that investigation was needed.

[7] The Bureau made no such assertion in response to Williams's objections and petition to set aside the tax sale. *See* RR at 35a (petition averments relating to lack of mailed notice) & 58a (conclusory responses that the petition asserted conclusions of law). The Bureau offered no testimony in the trial court concerning its interpretation of the name on the return receipt. On appeal to this Court, the Bureau filed no brief and so has asserted nothing at all.

mailed notice[].” *Smith II*, slip op at 9. The Bureau was obligated by Section 607.1 of the Tax Sale Law to make reasonable efforts to locate Williams and serve her with advance notice of the tax sale. However, the Bureau made no such effort.

In *Smith II*, we explained that the mandatory minimum efforts outlined in Section 607.1 are not exhaustive; they merely “set[] a floor” for what constitutes a reasonable effort to locate and serve a property owner. Slip op. at 13 (citing *Steinbacher v. Northumberland Cnty. Tax Claim Bureau*, 996 A.2d 1095 (Pa. Cmwlth. 2010)). The Bureau was required to “use common sense business practices” in locating and notifying Williams; “ordinary common sense must go beyond the mere ceremonial act of notice by certified mail and depends upon the circumstances.” *Smith II*, slip op. at 13 (citing *Fernandez v. Tax Claim Bureau of Northampton Cnty.*, 925 A.2d 207, 213 (Pa. Cmwlth. 2007)) (additional citations omitted).

In *Smith II*, we observed that the tax bureau could have made common sense efforts without expending “extensive resources,” and because it “did not use common sense to attempt actual notice to the property owner, it failed to satisfy its duties under Section 607.1 of the Tax Sale Law . . . .” Slip op. at 13-14. Here, the post office’s notation on the return receipt not only suggested a possible lack of personal delivery, but also pointed clearly to a common sense effort the Bureau could and should have made, *i.e.*, simply telephoning the post office in question to ask the meaning of the notation. This is particularly the case in light of mail delivery issues that occurred generally during the COVID-19 pandemic. For example, recently, in *Commonwealth v. Goldstrom* (Pa. Super., No. 776 WDA 2022, filed June 5, 2023),[8]

---

[8] We cite this Superior Court opinion as persuasive authority pursuant to Section 37B of the Superior Court’s Internal Operating Procedures. 210 Pa. Code § 65.37B. *See also Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018) (observing that “Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues”).

8

the Superior Court discussed the sufficiency of notice in a firearms license matter in which a certified return receipt contained initials other than those of the defendant in the signature block and was marked "Delivered, Left with Individual." Slip op. at 5. Police

> learned through speaking with the postmaster that at the height of the COVID-19 pandemic, the postal service changed their [sic] practice to mark certified mail as delivered themselves [sic] instead of having the actual person served sign for it, and that when a letter is marked as delivered to a particular address, it means that it was given to an individual at the residence.

*Id.*, slip op. at 6. Here, we conclude that the Bureau should have undertaken a similar common sense effort of contacting the appropriate postal employee to determine whether the notation on the return receipt constituted sufficient proof of notice to Williams. Having been reasonably alerted to the likelihood that service was not proper and having failed to make any further inquiry or further mailing, the Bureau failed to comply with its statutory notice obligations under the Tax Sale Law.

For these reasons, we conclude that the Bureau erred in relying on the return receipt, and the trial court erred as a matter of law by upholding the validity of the tax sale. Accordingly, we reverse the trial court's order denying Williams's objections to the tax sale and her petition to set the tax sale aside.

## IV. Conclusion

Based on the foregoing discussion, the trial court's order is reversed.

_____
CHRISTINE FIZZANO CANNON, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lisa Williams,
              Appellant

        v.

County of Monroe, Tax Claim Bureau
of Monroe County and Jason Keller

:
:
:
:
:
:
:    No. 666 C.D. 2022
:

## O R D E R

AND NOW, this 29th day of August, 2023, the January 27, 2022 order of the Court of Common Pleas of Monroe County is REVERSED.

_____
CHRISTINE FIZZANO CANNON, Judge