# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul Pavlov
:
:
        v.               :   No. 764 C.D. 2022
:  Submitted: October 10, 2023
Tax Claim Bureau of Monroe County   :
and Donna Rodgers   :
:
Appeal of: Donna Rodgers   :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**     **FILED: November 20, 2023**

Donna Rodgers (Appellant) appeals pro se from the May 16, 2022, Order (Order) of the Court of Common Pleas of Monroe County (trial court) granting Paul Pavlov's (Pavlov)[1] "Amended Appeal and Exceptions to September 15, 2021 Upset Tax Sale and Petition to Set Aside a Tax Sale" (Amended Petition) of property located at 2214 Linden Lane, East Stroudsburg, Pennsylvania (the Property) following an upset tax sale (tax sale) held by the Monroe County Tax Claim Bureau (Bureau). Upon review, we affirm.

---

[1] Pavlov is the son of deceased property owners Clarence M. Pavlov and Patricia A. Pavlov, husband and wife (the Pavlovs). Following a hearing on March 23, 2022, the trial court determined Pavlov had standing to move forward on his "Amended Appeal and Exceptions to September 15, 2021 Upset Tax Sale and Petition to Set Aside a Tax Sale" (Amended Petition). (Hearing Testimony 5/16/22 (H.T.) at 3-4.)

## I.     FACTUAL AND PROCEDURAL HISTORY

Appellant submitted the winning bid for the Property at the tax sale on September 15, 2021.  On October 14, 2021, Pavlov filed an "Appeal and Exceptions to September 15, 2021 Upset Tax Sale and Petition to Set Aside Sale"  (First Petition), wherein he alleged the tax sale was defective for numerous reasons and violative of the Real Estate Tax Sale Law (Tax Sale Law).[2]  Pavlov asserted that the Bureau did not provide him with sufficient notice of the tax sale before selling the Property and that he is ready to preserve his ownership in the Property by paying any delinquent taxes thereon.  (First Petition ¶¶ 4-5, 9, 13, Reproduced Record (R.R.) at 5-6.)[3]  In its Order entered on October 18, 2021, the trial court denied Pavlov's First Petition upon noting that he had failed to join an indispensable party, Appellant, and granted Pavlov 10 days in which to file an amended petition naming Appellant as a respondent.  (R.R. at 10.)  Pavlov complied and filed the Amended Petition on October 25, 2021.  (*Id.* at 14-17.)

In the Amended Petition, Pavlov again stated that the tax sale was defective as the Bureau had failed to satisfy the Tax Sale Law's notice requirements as follows:

> (a)      Upon information and belief, the Bureau failed to properly post the [P]roperty at least [10] days prior to the sale in violation of [Section 602(e)(3) of the Tax Sale Law,] 72 P.S. § 5860.602(e)(3)[;]
>
> (b)      The Bureau failed to properly publish notice of the sale in the proper name in two newspapers of general circulation within Monroe County in violation of 72 P.S. § 5860.602(a)[;]

---

[2]Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101-5860.803.

[3]The Reproduced Record does not comport with Pennsylvania Rule of Appellate Procedure 2173, Pa.R.A.P. 2173 (requiring that the pagination of reproduced records be in the form of an Arabic number followed by a small "a"). For ease, the Court will utilize the method used by the Reproduced Record.

(c)    The Bureau failed to serve [Pavlov] with certified mail notice at least 30 days prior to the sale in violation of 72 P.S. § 5860.602(e)(1)[;]

(d)    The Bureau failed to serve [Pavlov] with First Class mail notice at least 10 days prior to the sale in violation of 72 P.S. § 5860.602(e)(2)[;]

(e)    The Bureau failed to make additional notification efforts required by [Section 607.1 of the Tax Sale Law, 72 P.S.] § 5860.607a[;[4] and]

(f)    The Bureau failed to notify the Pennsylvania Department of Revenue of the sale in violation of 72 P.S. § 5860.602(h)[;]

(Amended Petition ¶ 10(a)-(f), R.R. at 16 (emphasis in original).)

On October 27, 2021, the trial court issued a Rule upon the Bureau and Appellant to show cause why the Amended Petition should not be granted. In its answer to the Amended Petition filed on November 10, 2021, the Bureau stated that Pavlov had not documented ownership of the Property and was not entitled to notice of the sale, as the Property had been owned by Clarence M. Pavlov and Patricia A. Pavlov, husband and wife (the Pavlovs). (Bureau's Answer ¶¶ 4, 10, R.R. at 22-23.) The Bureau also stated that it had properly posted and published notice of the tax sale and had the right to sell the property, in which Pavlov had no ownership interest. (Bureau's Answer ¶¶ 11-12, R.R. at 23.) Appellant also filed an answer to the Amended Petition on November 15, 2021, stating that the Pavlovs were deceased and that title to the Property was never transferred to Pavlov. (Appellant's Answer at 1 (unnumbered), R.R. at 27.) Appellant contended that the Bureau had posted notices of the tax sale on the Property on October 25, 2020, July 6, 2021, and August

---

[4] Section 607.1 was added by Section 30 of the Act of July 3, 1986, P.L. 351.

10, 2021, and she attached copies of the purported notices to her Answer. (Appellant's Answer at 1, 4-8, R.R. at 27, 30-34.)

On January 24, 2022, Appellant filed her "Motion to Dismiss [Pavlov's] [Amended] Petition to Set Aside [Tax] Sale" (Motion to Dismiss). (R.R. at 37.) On January 27, 2022, the trial court issued a Rule upon Pavlov to show cause why the Motion to Dismiss should not be granted, and Pavlov complied. (*Id.* at 40, 42.) The trial court scheduled a hearing on March 14, 2022, and after granting Pavlov's first request for a continuance and denying his second, the trial court held a hearing on March 23, 2022, at which time the trial court determined Pavlov had standing to pursue the Amended Petition. Thereafter, the trial court denied Appellant's Motion to Dismiss on March 23, 2022, and scheduled a hearing on the merits of the Amended Petition for May 16, 2022.[5] (*Id.* at 55.)

Appellant was present on May 16, 2022, as was Pavlov, Pavlov's counsel, and a representative for the Bureau. However, the Bureau's counsel did not appear, and although the Bureau's representative indicated that it was not prepared to proceed without counsel, the Bureau did not request a continuance of the hearing. (Hearing Testimony, 5/16/22 (H.T.) at 2, R.R. at 93.) The trial court asked Appellant if she wished to proceed, at which time she replied that she was "a bit worried because [she's] not feeling well right now." (*Id.*) The trial court explained that the Bureau had the burden "to prove the validity of the [tax] sale" and that it was "not prepared to proceed today to meet that burden." (*Id.*) The trial court indicated that unless Appellant informed the court why the Amended Petition should not be granted, the

---

[5] In its August 19, 2022 order, upon consideration of Appellant's Petition to Request Court Transcript, the trial court directed the Official Court Reporter to transcribe the notes from the May 16, 2022 hearing, and that transcript is part of the Original Record at Item 46. The March 23, 2022 hearing was not transcribed. (*See* Statement Pursuant to Pa.R.A.P. 1925(a) (1925(a) Opinion) at 4; R.R. at 103.)

4

trial court would grant it. (H.T. at 3, R.R. at 94.) In response, Appellant indicated only that "[the Bureau] put notices on the door on three separate occasions, and that's what [it was] required to do. So, I mean, I have the dates for that." (*Id.*)

Counsel for Pavlov reminded the trial court that at the March 23, 2022, hearing, Pavlov offered Patricia A. Pavlov's obituary as an exhibit, and the trial court found Pavlov had standing to pursue his Amended Petition. Counsel posited that as the record contained no evidence to show that Pavlov, or any heir, had received notice of the tax sale, it should be set aside. (H.T. at 3-4, R.R. at 94-95.) The trial court asked for further clarification on the standing issue, and specifically asked why Pavlov had not "taken out letters" or otherwise "establish[ed] himself as the proper person to come forward" after which counsel explained he had informed Pavlov of the need to do so. (H.T. at 5; R.R. at 96.) Counsel reminded the trial court of a Google search brought to the court's attention at the previous hearing evincing Pavlov had been named as an heir to Patricia A. Pavlov's estate and stated the record is devoid of evidence that the Bureau had met its burden of doing additional searches to notify Pavlov of the tax sale when the Bureau was unable to effect proper service on the Pavlovs. (H.T. at 4-6, R.R. at 95-97.) Due to the failure of Bureau's counsel to appear at the May 16, 2022, hearing or to present evidence in response to these representations, the trial court determined the Bureau failed to meet its burden of proving that it had complied with the notice provisions of the Tax Sale Law. (H.T. at 6-7, R.R. at 97-98.) Upon finding that the Bureau had failed to meet its burden of proof to establish a proper sale of the Property, the trial court entered its Order granting Pavlov's Amended Petition and set aside the tax sale of the Property.

Appellant filed a timely appeal,[6] and in her appellate brief she lists 13 issues for this Court's consideration, some of which are interrelated. (Appellant's Brief (Br.) at 4.) For clarity and ease of discussion, we summarize and restate Appellant's claims as follows: 1) whether the trial court should have granted Appellant a continuance of the hearing due to her experiencing COVID-19 symptoms; 2) whether the Bureau had a burden to establish proper notice under the Tax Sale Law at the hearing, and whether it met that burden by sending certified notices to, and posting notices on, the Property prior to the tax sale; 3) whether the Bureau had reason to know, based on an obituary and/or a duty to research, that Pavlov was an heir to Patricia A. Pavlov's estate; and 4) whether Pavlov's failure to visit or obtain title to the Property and his out-of-state residence deprive him of an interest therein.

## II.    DISCUSSION[7]

Preliminarily, we recognize that Appellant's brief does not completely conform to the rules of appellate procedure as it does not contain an argument section. *See* Pennsylvania Rule of Appellate Procedure 2111, Pa.R.A.P. 2111.[8] In addition, Appellant's brief does not cite caselaw, relevant legal authority, or meaningfully discuss precedent. *See* Pa.R.A.P. 2119(a) (the argument shall include

---

[6] In its order entered on June 29, 2022, the trial court directed Appellant to file a concise statement of the errors complained of on appeal (Statement). Appellant filed her Statement on July 19, 2022, wherein she raised nine issues. The trial court issued its Opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) (1925(a) Opinion) on September 13, 2022, and found all of Appellant's claims lacked merit.

[7] In tax sale cases, we review whether the trial court abused its discretion, rendered a decision that lacked supporting evidence, or clearly erred as a matter of law. *In re Lehigh Cnty. Tax Claim Bureau Upset Sale of Sept. 19, 2018*, 263 A.3d 714, 717 n.4 (Pa. Cmwlth. 2021).

[8] Rule. 2111 provides that a brief "shall consist of" certain matters, including a statement of jurisdiction, the order or other determination in question, statements of both the scope and standard of review, questions involved, statement of the case, a summary of the argument, argument, and a conclusion explaining the precise relief sought. Pa.R.A.P. 2111.

"such discussion and citation of authorities as are deemed pertinent."). Instead, the Summary of Argument section of Appellant's brief constitutes the entirety of her argument. Therein, Appellant presents her position that she was denied the opportunity to present her case, despite her notifying the trial court that she felt ill, and that the trial court's order was prematurely entered because the Bureau failed to be present to meet its burden of proof.

Although there were shortcomings in Appellant's brief, Pavlov was able to address Appellant's arguments, and we will also address the merits of Appellant's issues on appeal as we discern them.[9] *See Richardson v. Pa. Ins. Dep't*, 54 A.3d 420, 426 (Pa. Cmwlth. 2012) (providing that we may review the cognizable arguments we can glean from an appellate brief, despite a pro se appellant's noncompliance with the Pennsylvania Rules of Appellate Procedure, even if those violations are "egregious," if they do not preclude meaningful appellate review).

First, the record belies Appellant's contentions that the trial court refused to grant her a continuance despite the fact that, as she now argues, she had COVID-19 symptoms and tested positive for the virus later that day. When the trial court asked her if she wished to be heard, Appellant informed the trial court she was not feeling well; she neither stated she was experiencing COVID-19 symptoms nor requested a continuance. (H.T. at 2-3, R.R. at 93-94.) Moreover, the trial court stated that to gain entry to the Monroe County Courthouse in May 2022, all individuals were required to state they were not experiencing COVID-19 symptoms and observed that Appellant did not appear "obviously ill or incapable of proceeding" on May 16, 2022. (1925(a) Opinion at 1-3, R.R. at 100-02.) While we recognize she may not have been feeling well at the hearing, Appellant did not request a continuance, was

---

[9] Appellee Bureau did not file a brief.

7

given the opportunity to explain her position and present her case, and the trial court did not prohibit her from introducing evidence and calling Pavlov to the stand for questioning.

Second, with regard to Appellant's other challenges, we first observe that a *prima facie* presumption of regularity attaches to a tax sale. *In re 1999 Upset Sale of Real Est.*, 811 A.2d 85, 88 (Pa. Cmwlth. 2002). However, a property owner can overcome the presumption of regularity by challenging the tax sale, averring that a tax claim bureau did not comply with the statutory notice provisions. *Id.* Then, the tax claim bureau or a purchaser arguing that the tax sale was proper has the burden of proving that the tax claim bureau complied with the notice provisions. *Upset Price Tax Sale of Sept. 10, 1990 (Sortino) v. Delaware Cnty. Tax Claim Bureau*, 606 A.2d 1255 (Pa. Cmwlth. 1992).

The notice provisions of the Tax Sale Law are to be strictly construed. *Donofrio v. Northampton Cnty. Tax Claim Bureau*, 811 A.2d 1120, 1122 (Pa. Cmwlth. 2002). Section 602 of the Tax Sale Law requires notice by publication, posting on the property, and certified mail. 72 P.S. § 5860.602. Specifically, Section 602(e)(1) and (2) of the Tax Sale Law provides:

> (e) In addition to [ ] publications, [ ] notice of the [tax] sale shall also be given by the bureau as follows:
>
> (1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by [the Tax Sale Law].
>
> (2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the [tax]

8

> bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the [tax] bureau to determine the last post office address known to said collector and county assessment office.

72 P.S. § 5860.602(e)(1), (2). To satisfy Section 602(e), the notice must be signed on behalf of the personal addressee or someone with authorization to sign for the addressee. *Smith v. Tax Claim Bureau of Pike Cnty.*, 834 A.2d 1247, 1251 (Pa. Cmwlth. 2003).

The Tax Sale Law compels strict compliance in order to ensure that a governmental entity seeking to recover delinquent taxes provides due process before divesting an individual of his property. *In Re Tax Sale of Real Prop. Situate in Paint Twp., Somerset Cnty.*, 865 A.2d 1009, 1015 (Pa. Cmwlth. 2005). "Where notice is obviously not effectively reaching the owners of record, the taxing bureau must go beyond the mere ceremonial act of notice by certified mail." *In re Tax Claim Bureau of Schuylkill Cnty. Sale of Sept. 29, 2000*, 798 A.2d 845, 849 (Pa. Cmwlth. 2002) (citation omitted). When a notice of an upset tax sale is returned without the property owner's personal signature, the Tax Sale Law and due process requires the agency responsible for the sale to conduct a reasonable investigation to ascertain the identity and whereabouts of the last owners of record for the purpose of providing notice to that party. 72 P.S. § 5860.607a(a);[10] *In re Tax Claim Bureau of Schuylkill Cnty.*,

---

[10] Section 607.1 of the Tax Sale Law provides:

> When any notification of a pending tax sale . . . either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee or is not returned or acknowledged at all, then, before the tax sale can be conducted or confirmed, the bureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him.

**(Footnote continued on next page…)**

798 A.2d at 849. That duty to investigate includes determining the owners of record and then using "ordinary common sense business practices to ascertain proper addresses where notice of the tax sale may be given." *In re Tax Claim Bureau of Schuylkill Cnty.*, 798 A.2d at 849 (citation omitted). For example, where a property owner is deceased, the tax claim bureau provides proper notice where the decedent's spouse receives and signs a notice of a tax sale and where notice had been sent to a designee of a partial owner "in care of" all the other partial owners. *Id.* at 851. Additional examples of reasonable efforts are set forth in Section 607.1(a) of the Tax Sale Law, which provides reasonable efforts may include, but are not limited to: (1) a search of current county telephone directories, (2) a search of dockets and indices of the county tax assessment offices, (3) a search of the recorder of deeds office and the prothonotary's office, and (4) contact with alternate addresses or telephone numbers that may be included in the property file. 72 P.S. § 5860.607a(a). While this list details the mandatory minimum search required, what constitutes a reasonable effort is fact-specific. *Clemmer v. Fayette Cnty. Tax Claim Bureau*, 176 A.3d 417, 422 (Pa. Cmwth. 2017). "It matters not that the reasonable effort may not have borne fruit. An effort must still be undertaken." *Id.* (citation omitted). Finally, in reviewing the validity of an upset tax sale, this Court must focus on the efforts of the tax claim bureau to ascertain whether its actions comply with the requirements of the Tax Sale Law, not on allegations of neglect on the part of the owner, as an owner's neglect in these circumstances is not uncommon. *Smith*, 834 A.2d at 1251.

Herein, the Bureau did not present any evidence at the May 16, 2022, hearing to overcome Pavlov's arguments in support of the Amended Petition that he, as an heir to the Pavlovs' estate, never received adequate notice of the tax sale on the

---

72 P.S. § 5860.607a(a).

10

Property and that the Bureau did not take reasonable steps to determine possible heirs of the Pavlovs to ensure the notice provisions of the Tax Sale Law were satisfied. Moreover, the record lacks evidence in this regard. It is undisputed that Pavlov lives in Trenton, New Jersey, not at the subject Property. (Amended Petition ¶ 1, R.R. at 14.) Appellant attached to her Answer to the Amended Petition a copy of a Delinquent Tax Notice for the Property addressed to the Pavlovs, dated October 25, 2020, and posted on the Property on that date. (R.R. at 32-33.) Appellant also attached a copy of a Notice of Tax Sale addressed to the Pavlovs, dated July 6, 2021, and posted on the Property on that date. (R.R. at 30-31.) The Bureau's Affidavit for Personal Service dated August 10, 2021, a copy of which Appellant also attached to her Answer, indicates that the notice of the tax sale was "Posted Front Window" and that "[the] Property Appears Vacant." (R.R. at 29.) These postings do not evince that the Bureau was successful in effectuating service at the Property's address, by either certified or First-Class mail as is required under Section 602(a) of the Tax Sale Law because the intended recipients, the Pavlovs, were deceased. Its inability to effectuate service by mail triggered a further requirement for the Bureau to exercise reasonable efforts to locate and notify the owner of the Property of the impending tax claim sale, which Pavlov argues would quickly have revealed he is an heir to Patricia A. Pavlov's estate. 72 P.S. § 5860.607.1(a). However, the Bureau offered **no evidence at all** at the May 16, 2022, hearing, let alone evidence that it undertook **any** reasonable efforts to effectuate service to the owner of the Property as required by Section 607.a(a) of the Tax Sale Law.

Appellant's allegations regarding Pavlov's inaction in perfecting title to the Property or visiting the Property are not determinative, for **the Bureau**, not Pavlov, had the duty to take reasonable efforts to ensure that the notice provisions of the Tax

11

Sale law had been satisfied. *Smith*, 834 A.2d at 1251. However, without explanation, counsel for the Bureau did not attend the May 16, 2022 hearing, and the Bureau neither requested a continuance prior thereto nor did it thereafter file a request for reconsideration of the trial court's Order. Accordingly, the trial court did not err in granting the Amended Petition to set aside the tax sale.

## III. CONCLUSION

Despite Appellant's health concerns and the Bureau's declining to proceed with its case without counsel, neither requested that the trial court continue the hearing on the Amended Petition. As a result, the record is devoid of evidence that the Bureau met its statutory duty to effectuate notice of the pending tax sale to Pavlov, despite the fact that the Bureau's notices of the tax sale were addressed to the Pavlovs, who are deceased, and left at the unoccupied Property. Finding the notice requirements of the Tax Sale Law had not been satisfied, the trial court properly granted Pavlov's Amended Petition. Accordingly, we affirm.

_____
**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul Pavlov       :
           :
    v.       :  No. 764 C.D. 2022
           :
Tax Claim Bureau of Monroe County :
and Donna Rodgers     :
           :
Appeal of: Donna Rodgers   :

# O R D E R

**NOW**, November 20, 2023, the Order of the Court of Common Pleas of Monroe County, entered in the above-captioned matter, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** President Judge